CANNON VS LOGAN,

*As to the affidavit and proceedings in attachment.*

1. It is no ground for quashing of an attachment, that the words, "absconds or secretes," are used in the affidavit—these words form one distinct ground for an attachment, as recognized in the statute.
2. Though, the insertion in the affidavit, or recital in the writ of attachment, of any two of the several grounds embraced in the statute, would be irregular.
3. Overruling a motion, (made after judgment in an attachment,) to strike from the levy endorsed upon the writ, whatever relates to lands—held not to be ground for error.

On a writ of error to the Circuit Court of Sumter.

This case in the Court below, was a proceeding in attachment. The affidavit was made by Benjamin F. Logan, who swore that William H. Cannon, was justly indebted to him, in the sum of seven hundred and sixty-two dollars, and sixty-two and a half cents; and that said Cannon *absconded or secreted himself, so that the ordinary process of law could not be served upon him.*

The return upon the attachment showed a levy upon personal property, and a tract of one hundred and sixty acres of land.

The proceedings being returned to the Circuit Court, the following entries appeared in the cause, to wit:

"April term, 1835.—Motion by defendant's attor-

ney, to quash this attachment. Motion continued.

"October term, 1836.—Cause continued.

"April term, 1836.—Motion to quash attachment overruled."

Then followed, an entry of the impannelling of a jury, and a verdict for the plaintiff; accompanied by the following statement.

"April term, 1836.—Circiut Court. In this case the defendant moves to strike out that part of the sheriff's return on the attachment, in this case, which shows a levy on 160 acres of land, as the land of the defendant, because the affidavit of the plaintiff, shows no sufficient grounds for a levy of the attachment on the lands of the defendant."

"Motion refused."

Cannon assigned in error—

1. That the Court below, erred in refusing to quash the attachment.

2. That the Court erred in overruling the motion of the plaintiff in error, to strike out of the sheriff's return, that part which showed a levy on the lands.

*Ellis & Peck* for plaintiff in error.

COLLIER, J.—The defendant in error, sued out an attachment before a justice of the peace of Sumter, returnable to the Circuit Court of that county. At the return term, the plaintiff moved the Court to quash the attachment, which motion being continued for several terms, was overruled.

Immediately following the rendition of the judgment, we find an entry in the record as follows:

"In this case, the defendant moves to strike out that part of the sheriff's return on the attachment, in this case, which shews a levy on 160 acres of land, as the land of the defendant; because the affidavit of the plaintiff, shews no sufficient grounds for a levy of the attachment on the lands of the defendant;" which motion was denied by the Court.

No particular objection is pointed out to the attachment, in the motion to quash, nor has any been assigned in this Court. We have supposed, however, that it may have been thought defective, because it alleges that the debtor, "absconds or secretes himself, &c." and that it should charge, either the one or the other, positively. We are aware that this has been held to be fatal, whether rightfully or not, is now entirely immaterial.

The attachment law was revised in eighteen hundred and thirty-three, and all its various provisions embodied in one statute; the third section of which, enacts that "every judge or justice, before issuing an attachment, shall require the party, applying for the same, his agent or attorney or factor, to make affidavit in writing, that the person against whom the attachment is prayed, absconds or secretes him or herself; that he or she resides out of this State; that he or she is about to remove out of this State, so that the ordinary process of law cannot be served upon him or her; or that he or she is about to remove his or her property out of the State; and that thereby, the plaintiff will probably lose the debt, or have to sue for it in another State," &c.

We are of opinion, that this act authorises an at-

tachment to issue, when the debtor absconds or secretes himself, and that it cannot be objected to it, that it issues in the disjunctive—it was intended by the Legislature thus to give the remedy. It is often difficult, if not impracticable, for the creditor to ascertain whether his debtor absconds or secretes himself—he has to rely frequently upon such information as his family or friends will give him, which cannot always be confided in: hence, to allow sufficient latitude to the creditor in making his affidavit, and to prevent failures, from having mistaken the cause why the debtor is liable to the remedy, the law has very properly provided for its issuance in the alternative.   That this construction is proper, is clearly indicated by the latter part of the act we have recited—every substantive ground for an attachment, follows the word *that*, as "that he or she, &c." and seems to show that all the creditor is required to disclose in his affidavit, and nothing more, is thus introduced.

The statute discloses several grounds for an attachment; and if any two of these were verified in the affidavit, or recited in the writ, the proceedings would be irregular.   The affidavit and writ should disclose but one of the grounds on which the remedy is authorised, or it cannot be sustained.

In regard to the motion to strike from the levy, endorsed on the writ by the sheriff, so much of it as related to lands, we are of opinion, that, if the levy thus far was unauthorised, yet in the refusal of the Court to allow the motion, there was no error.   The record shows it to have been made after judgment—the judgment was upheld by the levy

on the personal estate, and could not have been affected by striking out the levy on lands—Again: the motion is one, from which neither injury or benefit could have resulted to any one. The debtor, if his lands were not subject to the attachment, might have controlled them in the same manner, that he could have done, had no levy been made; for if it was not warranted by the law, it gave no lien to the creditor.

Lastly—the writ of error is sued out to reverse the judgment; and even if there was error in refusing the motion of the plaintiff, it cannot now be noticed; because the motion and refusal were posterior to the rendition of the judgment.

The judgment of the Circuit Court is affirmed.