No. 64.—ANTHONY A. WANET, plaintiff in error, *vs.* JAMES L. CORBET, defendant in error.

[1.] A Justice of the Inferior Court may issue an attachment returnable to the Superior Court.

[2.] In construing a Statute, great regard ought to be paid to the construction put upon it by the sages of the law, who lived at the time or soon after it was made.

[3.] An attachment may be made returnable to the next term of the Superior or Inferior Court of the County, at the option of the party suing out the same.

Attachment, in Stewart Superior Court. Tried before Judge POWERS, April Term, 1853.

On the 10th day of May, 1852, William A. Rawson, a Justice of the Inferior Court of Stewart County, issued an attachment in favor of Anthony A. Wanet, against James A. Corbet, returnable to the October Term, 1852, of Stewart Superior Court.

At the April Term of said Court, 1853, counsel for defendant moved the Court to dismiss the attachment, upon the grounds:

1st. Because the attachment was tested and issued by a Justice of the Inferior Court of said County, and made returnable to the Superior Court of said County.

2d. Because the said attachment, being issued more than thirty days before the July Term, 1852, of the Inferior Court of said County, was made returnable to the Superior Court of said County, October Term, 1852, when it should have been made returnable to the July Term, aforesaid, of said Superior Court.

Judge *Powers* presiding for Judge *Iverson*, sustained the motion and dismissed the attachment, and this decision is assigned as error.

CLARK, for plaintiff in error.

TUCKER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We readily admit that there is plausibility at least, not to say force, in the construction contended for under our attachment laws, upon both of the points embraced in the bill of exceptions.

[2.] But we do not feel at liberty to disregard the established practice of our predecessors, for more than fifty years, to the contrary. A construction put upon the law, by Judges who lived at the time when it was made, or soon thereafter, and so firmly settled and familiarly and universally known, should be changed by no person short of the Legislature.

"Great regard," says *Sir E. Coke*, "ought, in construing a Statute, to be paid to the construction which the sages of the law who lived at the time, or soon after it was made, put upon it; because they were best able to judge the intention of the makers at the time when the law was made. 2 *Inst.* 11, 136, 181.

[3.] We consequently reverse the judgment of the Circuit Court, upon both of the grounds embraced in the bill of exceptions.