NEWTON M. FOSTER, plaintiff in error, vs. JEHU THOMAS, defendant in error.

Where the proof is uncertain and unsatisfactory, and the presiding Judge awards a new trial, this Court will not control his discretion.

Affidavit of illegality; motion for a new trial, in Gilmer Superior Court. Decided by Judge RICE, May Term, 1858.

Foster vs. Thomas.

On the 18th day of September, 1851, Jehu Thomas recovered a judgment in Gilmer Superior Court, against Newton M. Foster, for $193 13½; *fi. fa.* was levied on the 1st day of June, 1857, on defendant's property, when Foster filed his affidavit of illegality, alleging payment. The issue was made up and submitted to a special jury, at May Term, 1858.

On the trial, the defendant in *fi. fa.* introduced *R. R. Hunt*, who swore that he was the attorney of record for plaintiff, Thomas; that Thomas directed him to deliver the *fi. fa.* to Col. Young, who represented a claim against Thomas, as he had agreed to take it in the arrangement of said claim, which he did. That he subsequently heard Thomas and Young speak of the *fi. fa.*, and that he then understood from them that they had arranged the *fi. fa.*

The jury found a verdict for the defendant. The Court, on motion, granted a new trial, and counsel for the defendant excepted.

MARTIN; and EZZARD, for plaintiff in error.

WALKER; and UNDERWOOD, *contra*.

*By the Court.*—LUMPKIN, J. delivering the opinion.

For myself, I am not prepared to say, that I should have granted a new trial in this case. Still, the presiding Judge has seen fit to do so. And if he is dissatisfied, *we* do not feel constrained, by the proof, to control his discretion.

The execution is standing open. Not a dollar is shown to have been paid upon it. There is testimony as to its having been *arranged*. How arranged? This expression refers probably to the transfer of the *fi. fa.* by Thomas to his creditor, in part payment of his own debt, and does not prove satisfaction by the defendant.

Mr. Thomas, the plaintiff, said it was settled, and paid his attorney his fee. This he was bound to do when he traded the claim to a third person, whether the money had been collect-

ed or not. Indeed, he had no right to receive the money after he had transferred the execution. And it does not appear but that this conversation was after the assignment by Thomas, the original plaintiff. Of course, nothing said by him, after he had parted with the demand, could be evidence in the case, to bind the holder. There is confusion and uncertainty about the matter, and a new trial, therefore, will not hurt. Who is controlling the case? For whose benefit is the collection of the *fi. fa.* sought to be coerced? Thomas or his assignee? The Court needs more light, perhaps, upon this controversy.

Judgment affirmed.