## COLE *vs.* REILLY & McMAHON.

A replevying bond in attachment, conditioned that the defendant shall *appear,* and *abide by and perform* the judgment in the attachment; binds him not only to appear, but also *to pay the judgment,* if judgment goes against him.

Suit on appearance bond, in attachment. In Chatham Superior Court. Decision on demurrer, by Judge FLEM-ING, at January Term, 1859.

Williams & Ratcliff sued out an attachment against John Reilly, returnable to the Superior Court of Chatham county, which was levied by Cole, sheriff of said county, on a grocery store occupied by Reilly, and the stock of goods therein, as the property of defendant; whereupon Reilly executed to the sheriff a bond, with McMahon as his security, conditioned "that if the said John Reilly should well and truly *appear* before the Superior Court of Chatham county, to which said attachment was returnable, and should then and there *abide by and perform* the order and judgment of said Court, touching said attachment, then said obligation to be void and of no effect, otherwise to remain in full force and virtue." Afterwards plaintiffs in attachment recovered judgment against Reilly for $575 damages, and $25 for cost. The plaintiff's declaration alleged the foregoing facts, and further averred that Reilly, although often requested, had not paid said judgment, nor in any manner performed the same, but wholly refused and neglected so to do, by reason of which said breach the said bond had become forfeited, and an action had accrued to plaintiff, &c.

To this declaration defendants demurred, and Judge Fleming, before whom the cause was heard, after argument sustained the demurrer.

To which decision plaintiff, by his counsel, excepted, and assigns the same as error, on the following grounds:

1. Because the Court erred in deciding that the bond, executed by the defendants, and upon which suit is brought, was an ordinary bail bond.

2. Because the Court erred in holding that the condition of said bond was performed by the *appearance* of defendant, without satisfying the judgment.

3. Because the Court erred in sustaining the demurrer.

Cole vs. Reilly & McMahon.

NORWOOD, WILSON & LESTER, for plaintiff in error.

LAW, BARTOW & LOVEL, contra.

By the Court.—BENNING, J., delivering the opinion.

Was the Court below right in sustaining the demurrer to the declaration? We think not.

The declaration was founded on a bond given in compliance with the part of the attachment act of 1799, which is in the following words: "And all goods, chattels, lands and tenements, subject to such attachments, shall be repleviable¹·by appearance and putting in special bail, or by the defendant's·giving bond, with good and sufficient security, to the·sheriff or other officer serving the same, which bond he is hereby empowered to take, compelling the·defendants to appear at the Court to which such attachments shall be returnable, and to abide by and perform the order and judgment of such Court." Cobb, 71. The defendant in this attachment, Reilly, failed to pay the judgment rendered against him in the attachment, and the question is, whether that was a breach of the condition of the bond.

The condition of the bond was in pursuance of the act; it was, to appear at the return term·of the attachment, and to abide by and perform the judgment of the Court, touching the attachment. The meaning of the words ·"abide by and perform the judgment" cannot be less than this, that he was to pay the judgment, for the judgment was to be one for so much money, and the only way to perform such a judgment is to pay it.

The amendatory attachment act of 1816, in providing for the giving of·such a bond as this, in the case of attachments for debts not due, uses the very words, "pay the money;" it says, "but the defendant may relieve his property by giving to the creditor good security to pay the money when due, and cost." Ib., 75.

28

Cole vs. Reilly & McMahon.

This act being in *pari materia* with the other, and expressly saying that the bond is to be conditioned, "to pay the money" is sufficient to remove any doubt, if any were left, that the words in the act "to abide by and perform the judgment" meant the same thing—meant, "to pay the money" recovered in the judgment.

What is there to be urged against this view? Two things were urged. First, it was said that if the meaning was, that the defendant was to be bound to pay the money, what was the use of also binding him to appear? Grant that there was none. That would merely show, that the binding him to appear was superfluous, was useless, but that a certain construction will render some words of an act superfluous, is not sufficient to forbid that construction, if it is one plainly called for by the other words of the act, and that call is supported by the express words of an act in *pari materia*.

But, indeed, there may have been in the mind of the Legislature a supposed use for an appearance by the defendant. By the common law, the plaintiff in an action could not get a judgment against the defendant, until appearance or outlawry of the defendant. Hence, by the common law, appearance by the defendant was valuable to the plaintiff. At the time when this attachment act was passed (1799) the change of the common law in this respect was but recent, and, perhaps, not generally known. Consequently, it may be that the Legislature acted under the impression that that law was, in this respect, still in force, and that they required an appearance at the first term of the attachment to meet this supposed law.

Again, this argument may be retorted, and thus neutralized. If the only object of the Legislature was to compel an appearance by the defendant, what was the use of saying that he should "abide by and perform the judgment."

Lastly, a mere appearance "at the Court to which" the the attachment is "returnable," would be a poor substitute for the replevied property, and yet, that is all the substitute the plaintiff would have, if the words "to abide by and perform the order and judgment of" the Court, are to have no effect.

The next argument was, that there was a case in Dudley's reports, (35,) in which it was determined that a bond of this sort is satisfied by the mere appearance of the defendant in attachment. But the point in that case was, whether the taking of such a bond dissolved the attachment, so as to relieve the officer from the duty of advertising the attachment, &c. There was no question in the case as to the import of the condition of the bond. And, of course, any general words that may have been used by the Court are to be restricted to the facts of the case.

We think, then, that the declaration was sufficient, and, therefore, that the Court below erred in sustaining the demurrer to it.

Judgment reversed.