JAMES W. OLIVER, plaintiff in error, vs. E. B. WILSON, defendant in error.

[1.] Attachment bonds are amendable *in matters of form* under the attachment Act of 1856.

[2.] Where an attachment issues on the ground that the defendant absconds, a traverse of the fact is not obnoxious to objection, because it sets forth a place where the defendant was publicly living when the attachment issued.

[3.] On the trial of such a traverse, the burthen of proof is on the plaintiff in attachment.

[4.] When the *defendant's manner of leaving* a place is introduced to show that he was absconding, his sayings at the time of leaving, as to where he was going, are a part of the *res gestæ.*

[5.] It is error to charge the jury, that if a debtor is once shown to be absconding, he continues so until his creditors get notice of his new residence.

[6.] Where there is *no evidence of an absconding,* except in the manner of leaving a place, it is error to charge the jury as to what may constitute an absconding afterwards, upon the assumption that there may have been no absconding in the leaving.

Attachment, in Charlton Superior Court. Before Judge COCHRAN, at October Term, 1859.

This was an attachment sued out by Elijah B. Wilson, against Oliver, on the ground, that he "absconds;" defendant traversed the ground upon which said attachment issued, and denied that he did abscond, as alleged in said attachment. He further stated that he removed to Chatham county, on the 12th August, 1858, where he has since openly resided up to the present time, and did reside there on the 13th Oct. 1858, the day upon which the attachment issued, and that he could alone be sued in Chatham county.

After announcing that he was ready, defendant's counsel moved to dismiss the attachment, on the ground that the bond did not recite that the attachment was returnable to January Term of the Superior Court, and that the attachment was not made returnable to any Court, but was left blank; and on the further ground that the bond was not attested.

The Court overruled the motion on all the grounds, and allowed plaintiff to fill up the blanks in the attachment, and defendant excepted.

Plaintiff then moved that all that portion of defendant's traverse, referring to his removal to Chatham county, and his open and public residence there, be stricken. '

The Court granted the motion and defendant excepted.

The Court then held that the burden of proof was upon the defendant, and that he must establish the affirmation of the facts stated in his traverse. To which ruling defendant excepted.

Defendant then proved that he had resided in the county of Charlton for several years; that he left that county about the 1st August, 1858; traveled by public road in the day time. (The Court refused to allow defendant to prove what he said as to where he was going. To which decision defendant excepted.)

That he did not leave until the Thursday after his house and furniture had been levied on under attachment; his house was locked up and his family turned into one room without furniture; that this was on Monday. The levy was made about the 1st August, 1858. Defendant and his wife were absent when the levy was made; his children and brother and sister-in-law were there; horses, cattle and every thing that could be found, were levied on.

The presiding Judge charged the jury, that the only question for them was, whether the defendant was absconding at the time the attachment issued. To abscond, is to hide, to conceal one's self, to secretly keep out of the way, so that an officer cannot find him to serve process on him in the ordinary way.

If the defendant left the county clandestinely, it devolved upon him to show that he had a permanent residence in another county, and that plaintiff had notice thereof at the time the attachment issued. It is not necessary to constitute an absconding that the party should secretly run away. If

he left publicly without giving notice to the public, of his intention, and afterwards concealed and hid himself, he absconds."

To which charge defendant excepted.

The jury found for the plaintiff, and defendant excepted, and assigns as error the rulings, decisions, and charge above stated and excepted to.

Wm. B. Gaulden, for plaintiff in error.

Long; and Roll, contra.

*By the Court.*—Stephens J. delivering the opinion.

[1.] We think the presiding Judge was right in refusing to dismiss the attachment on account of the formal defects in the bond; and in allowing those defects to be amended on motion. The attachment Act of 1856, page 38 of the Acts of 1855-'56, places the attachment, the bond, and the declaration, as to amendments, on the same footing as cases of common law, and these are amendable in matters of form by the Judiciary Act of 1799.

[2.] We think there was error in striking from the defendant's traverse of his absconding, (the ground on which the attachment had issued,) that part of it which set forth that he had had an open and public residence in Savannah for two months next before the issuing of the attachment. Proof of the fact alleged, was certainly pertinent to the issue, and though the defendant need not perhaps have alleged it in order to be admitted to prove it, yet the specific allegation only gave the plaintiff more definite information concerning the proof, and was surely no matter of complaint on his part.

[3.] We do not agree with the presiding Judge in holding, that, on the issue formed by the traverse of the ground on which the attachment issued, the defendant held the burthen

of proof. The plaintiff affirmed, that at the time when the attachment issued, the defendant was absconding, and the defendant denied the fact. The plaintiff clearly held the affirmative of the issue, which generally, if not always, carries with it the burthen of proof. I doubt whether an accurate analysis will leave a single exception to this important rule. There are many instances where a party holding the affirmative of a general issue, is bound to prove only a part of the issue, while the opposite party has the burthen of disproving the remainder. But I apprehend that in all such cases, the general issue is divisible into two or more distinct particular issues involved in it, and that of these particular issues, each must be proven by him who holds the affirmative of it, although the affirmative of some of them may fall on one party, and the affirmative of others of them, on the other party. Thus, on a charge of selling spirituous liquor without a license, the State clearly holds the general affirmative of guilt; but this affirmative is divisible into two necessary propositions, of which one is affirmative and the other negative, and so the State has the burthen of proving the sale of the liquor, while the defendant has the burthen of proving that he had a license, each being required to prove the affirmative which he holds on each of those particular issues. This is a rule of *proof*, not of pleading, and can not be affected by the plaintiff's affidavit to the truth of his side of the issue, for that affidavit is no *part of the evidence*, and therefore, does not enter into the proof at all, and cannot shift the burthen of it. The affidavit is a part of the pleading, not of the proof; is a prerequisite to the presentation of the issue, but not any evidence to affect a decision of the issue when formed. The statute *expresses* no such effect of it, and it would do violence to an important general principal to infer it. The inference would also be against the analogies of other cases. All dilatory pleas must be supported by affidavit, but yet, whenever one is put in which takes the affirmative of an issue, the pleader also takes the

burthen of proof. The plea of a misnomer of the defendant, for instance, must not only deny the name imputed to him, but must also state the name which belongs to him; and having stated it, he has the burthen of proving it, although he has previously sworn to it. So the plea of non-residence in the county where the suit is brought, must not only deny the defendant's residence in that county, but also set forth his residence in another county. He must swear to this plea, and yet, after having sworn to it, he must take the burthen of proving it. The oath is only a prerequisite of presenting the issue, as it is in the plea of *non est factum*, but the issue being once presented, the general rule of proof must prevail in all cases where the statute has made no exception, and he who holds the affirmative of the issue, assumes also the burthen of proof.

[4.] We think the Judge was wrong in excluding evidence of what the defendant said when he was leaving Charlton county, as to where he was going. The evidence to show that he was absconding at the time when the attachment issued, was the fact that he had some time before left the county in a manner which the plaintiff contended was clandestine. It was perfectly proper to meet that case by showing that the manner was not clandestine, but that he said he was going, and told where he was going. What he said about his leaving at the time when he left, constitutes a part of the manner of the leaving—was a part of the *res gestæ*. The fact that he told some body where he was going is certainly not conclusive proof that his leaving was not clandestine, for it may have been told only to a chosen friend who was expected to keep the secret; but it was evidence on the point, and what he said ought to have been considered by the jury, in connection with the relations between him and the persons to whom it was said. If he told a special friend where he was going, it amounts to but little; but if he told it to people whom he casually met, it negatives the

idea that his leaving was secret or concealed from the public.

[5.] The Judge charged the jury, that if the defendant had left the county clandestinely, he could relieve himself from the presumption that he was still absconding when the attachment afterwards issued, only by showing that he had acquired a permanent residence in another county, and that the plaintiff in attachment had notice of it. We think this was error. When a man is once shown to have been absconding, I think there is a presumption that he continues so until the presumption is rebutted, but it surely may be rebutted by something short of actual notice to his creditors, of his residence. To be sure, the mere fact of his living publicly in a new place, does not necessarily rebut it, but it may do so. If a man should abscond from Augusta, the fact that he might afterwards live publicly in China, would not rebut the presumption that he was still concealing himself from the public of Augusta; but if he should go to Savannah and live there publicly for two months, one could scarcely believe that he was still hiding from a people, numbers of whom were daily visiting the place where he was showing himself to all comers and goers. It ought to have been left to the jury to determine whether the defendant had left Charlton county in a clandestine manner, and if so, whether the presumption that he was still hiding himself from the public of that county, was rebutted, after he had been living two months publicly in the city of Savannah. The force of the rebutting proof depends greatly upon the degree of intercourse between the place he left and the place where he stopped.

[6.] The Judge also charged the jury, that to constitute an absconding, it was not necessary that there should be a clandestine leaving; for though the defendant might have left publicly, yet if he afterwards concealed himself, he was absconding. The objection to this charge is, that there was no evidence, so far as this record discloses, to justify it. The

absconding might truly have begun after he had left Charlton county, as well as when he was leaving, but if it had any existence, it must have begun somewhere, and there is no evidence before us that it began after he left the county. There is no shade on the residence in Savannah, except what may be cast by the manner of leaving Charlton. If he left that county with a fair record, it continued fair when the attachment was issued, so far as the evidence discloses to us; and it was therefore charging on hypothetical evidence, to instruct the jury as to what might constitute an absconding, after a public leaving. According to the evidence before us, if the absconding did not begin in leaving the county, it never took place.

Judgment reversed.