## NEAL *vs.* WM. N. & WRIGHT BOOKOUT.

1. The preliminary issue authorized by the Act of 1855–'6, to traverse the truth of the affidavit in relation to the ground upon which the attachment issued, must be tendered at the return Term of the attachment.

2. Where the issue traversing the truth of the ground upon which the attachment was issued, was tendered at the trial Term of the attachment, and disallowed by the Court, an appeal upon the merits does not carry up this preliminary question.

Attachment, in Gordon Superior Court. Tried before Judge CROOK, at October Term, 1859.

Thomas Neal sued out an attachment against the defendants, the Bookouts, on the ground that they abscond. The debt sued for was a promissory note for $295 00, and the attachment issued the 18th May, 1857, returnable to the July Term, 1857, of the Inferior Court of Gordon county. At that term of the Court nothing was done, except the filing of the 'declaration, as provided by law. At the January Term, 1858, the defendants appeared and traversed the ground upon which the attachment had issued, to-wit: that they "*abscond.*" At the same term of the Court, and without trying the issue presented by the traverse, the defendants confessed judgment to the plaintiff for the amount of the note sued for, reserving the right of appeal. Upon the trial on the appeal, the jury found "against the issuing of the attachment." This verdict was rendered at the October Term, 1859, of Gordon Superior Court. Whereupon, plaintiff moved for a new trial, upon the following grounds, viz:

1st. Because the Court erred in allowing the traverse of the ground on which the attachment issued—said traverse not having been filed at the term to which the attachment was returnable. (The traverse was allowed by the defendants swearing, that, being absent from home at the time of suing out the attachment, and at the return term of the same, they had no knowledge of the existence of the attachment, and that was the reason why the traverse was not filed at the return term thereof.)

2d. Because the Court erred in charging the jury, that if, from the evidence, they believed that the defendants, Book-

outs, were just gone from home at the time of suing out the attachment, to sell some property, and left their land, families and other property in the county of Gordon, having a residence in the county of Gordon all the time, that they might find the issue in favor of the defendants.

3d. Because the Court erred in charging the jury, that if, during the absence of the defendants out of the county or State, the plaintiff could have had legal service perfected by leaving a copy of a declaration and process at the most notorious place of abode of the defendants, and that their land, families and other property remained in Gordon county, that then they would be authorized to find the issue in favor of the defendants.

4th. Because the Court erred in charging the jury, that if, from the evidence, they believed that defendants did not leave Gordon county with a view of avoiding the service of ordinary process upon them or secreting themselves, but only left for the purpose of selling their stock, and not changing their residence, they would be authorized to find the issue in favor of the defendants.

5th. Because the Court erred in ordering the attachment dismissed upon the finding of the jury, notice having been served upon the defendants after their return, but not within ten days of said judgment.

6th. Because the finding of the jury in said case is strongly and decidedly against the weight of the evidence.

The Court overruled the motion for a new trial, on all the grounds therein taken, and counsel for plaintiff excepted.

MILNER and PHILLIPS, for plaintiff in error.

FAIN, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

The thirty-first section of the Attachment Act of 1855–'6 declares, that it shall be lawful for the defendant in attachment to traverse the truth of the affidavit, in relation to the grounds upon which the attachment has issued, " *at the return term of the attachment ;*" and the issue thus formed is to be tried at the first term, unless good cause be shown for

Neal *vs.* Bookout.

a continuance, and either party being dissatisfied with the verdict, is entitled to appeal. (*Pamphlet, p.* 33.)

Can the traverse thus authorized be allowed at any other than the return term of the attachment? We think not. Nor does this construction of the statute work any serious detriment to the defendant. He may still come in and defend the case upon the merits.

But in this case, there is, we apprehend, a fatal objection to the proceeding. The attachment was returnable to the July Term, 1857, of the Inferior Court. At the trial term, in January thereafter, the traverse was tendered and disallowed by the Court; and thereupon, the defendant confessed judgment to the plaintiff *for his debt,* reserving the right of appeal, which was duly entered. But this appeal did not, of course, take up the traverse. It remained where it was left in the Court below, no *certiorari* being sued out to reverse the judgment of the Inferior Court, in refusing to allow the traverse to be filed at the appearance term of the attachment, and no attempt being made to carry it up by appeal. For, we repeat, the defendant did not confess for the debt; and further, that *he absconded,* with liberty of appeal, but for the debt only.

How does this issue come up, then, and be treated as upon the appeal? The whole proceeding was *coram non judice* and void.

This being so, it is useless to consider the charge of the Court. The case must be reinstated, and a trial had upon *the merits*—upon the appeal. It is too late to take up and try the preliminary question, as to whether or not there was ground for the attachment.

Judgment affirmed.