CASE 48—PETITION ORDINARY—SEPTEMBER 18.

# Wood vs. Wells, &c.

APPEAL FROM RUSSELL CIRCUIT COURT.

1. A suit on an account exhibited with the petition is an action *ex contractu*. No proof nor assessment of damages is necessary to enable the court to pronounce judgment, when the alleged indebtedness is not controverted by an answer. (*Harris vs. Ray*, 15 *B. Mon.*, 628.)

2. The statement of two grounds of attachment in the alternative will be sufficient, as the defendant could not be surprised nor prejudiced by the grounds being thus stated.

3. The amendment to *section 225 of the Civil Code*, approved February 28, 1863, must also be regarded as an amendment to *section 737*, so far as its provisions conflict with the provisions of said *section, 737*, and must prevail, as it is the last enactment, and consequently, "*orders in provisional remedies*" may be directed, at the mere request of the plaintiff, to any officer to whom, by *section 66 of the Civil Code*, the summons in such cases might be directed. Attachment at the request of plaintiff may be directed to the jailer in an action wherein the sheriff is interested.

J. E. HAYS,                                      For Appellant,

CITED—

*Civil Code, secs.* 153, 737.

JOHN S. VANWINKLE,                              For Appellant,

CITED—

*Act of* 1796, 1 *Statute Laws, p.* 158.
*Civil Code,* 449, 737, 225.
*Act of February* 28, 1868.

M. H. OWSLEY and HARLAN & HARLAN,       For Appellees,

CITED—

*Civil Code, secs.* 287, 221, 68, 66.
*MSS. Op., Dec.,* 1856; *Harrod vs. Dread.*

Wood vs. Wells, &c.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

The objection that it does not appear from the petition and notes that appellees are the owners of both notes, is not well taken. The note for seventeen dollars and nine cents is made payable to W. T. Jackman, and is indorsed "pay to Wells & Jackman, for value received, this November 2d, 1865," signed by Jackman, and the other note is payable directly to Wells & Jackman; and they allege that said note last named was executed to them, and the other they are the owners of by the assignment on the same; and the notes and assignment are filed and made part of the petition. They also allege that appellant is indebted to them, they being merchants, trading under the firm name of Wells & Jackman, in the further sum of one hundred and thirty-six dollars and forty-eight cents, for goods, wares, and merchandise sold and delivered to him and to his order, at his special instance and request. A bill of particulars of said goods is filed with the petition. All of which debts, they aver, are just, due, and unpaid, &c. The debt could not be just if the goods were not reasonably worth the money charged for them; and a promise is implied to pay their reasonable value from a sale and delivery of them at the request of appellant. A specific sum is alleged in the petition to be due appellees. The account is exhibited with the petition, and it is an action *ex contractu*. No proof nor assessment of damages was necessary on such allegations to enable the court to pronounce judgment, as the alleged indebtedness was not controverted by an answer. (*Harris vs. Ray*, 15 *B. M.*, 628.)

We cannot concur with counsel for appellant that the charge of selling and disposing of his property by appellant, to evade the payment of his debts, at or just before

appellees' attachment was sued out, is not sustained by the evidence. Scholl, Bryan, and others, prove that appellant had two or three horses besides the one he rode, and a wagon and yoke of oxen; that he could not be seen in the day; would come to his home at night, and leave before day next morning; and had sold or disposed of the horses, wagon, and oxen, but to whom, or where they had gone, they did not know; and Stanton proved that he was a constable of Russell county, and had some attachments in his hands against appellant, and, just before they were placed in his hands, the horses, wagon, and oxen had disappeared, and he was unable to find any personal property of appellant to levy them upon.

In setting out the grounds of attachment, the alternative word "*or*" is used; but the grounds alleged are of the same class or character of acts, and are so intimately connected that the consummation of the wrongful act, usually in such cases following in quick succession the conception to carry it out, it is most difficult to know or ascertain when the sale or disposition of the property, which is the last act in the drama, is accomplished; and the one may, therefore, and perhaps should be, regarded as the antecedent of the other, and the grounds may be thus stated to guard against an error as to how the fact is. But even if it be taken as the statement of two grounds of attachment in the alternative, it must be regarded as sufficient; the appellant could neither be surprised nor prejudiced by the grounds being thus stated. Such has been the ruling of this court heretofore of this question; and no sufficient reason is presented for ruling the same question differently now.

By an amendment to *section* 225 *of Civil Code*, approved 28th *February*, 1863, it is provided, that orders in provisional remedies issued from the circuit, chancery, or quarterly courts, may be directed, at the request of the

plaintiff, to any officer to whom, by section sixty-six of the Civil Code of Practice, the summons in such case might be directed.

By reference to *section* 66, *Civil Code*, it will be seen that the summons in civil actions are to be directed to the sheriff of the county, or, at the request of the plaintiff, to the jailer, coroner, &c.

The amendment *supra* must also be regarded as an amendment to *section* 737 *of Civil Code*, so far as its provisions conflict with the provisions of said *section*, and must prevail as it is the last enactment. By *section* 737, *Civil Code*, an order for a provisional remedy or any other process in an action wherein the sheriff was interested or was a party, is required to be directed to the coroner first, and if he was interested, then to the jailer of the county.

The amendment *supra* expressly provides, that " *orders in provisional* remedies" may be directed, at the mere request of the plaintiff, to any officer to whom, by *section* 66 *of Civil Code*, the summons in such cases might be directed ; and as, by the last named *section*, the appellees might have had their summons directed to the jailer of the county, the order of attachment herein was properly directed to the jailer of Russell county.

By this construction of the amendment the legislative intent will be carried out, effect given to the enactment, and the various sections harmonized ; whereas, by a different construction, *the amendatory act* would be restricted within limits never intended by the Legislature, as is obvious from the language of the *act*, construed with the *sections* of the *Civil Code* relating to the subject, and an irreconcilable conflict be presented.

Wherefore, as no errors are perceived in the proceedings and judgment in the court below, the judgment is affirmed.