Irvin, Adm'r, *vs.* Howard.

·

SAMUEL D. IRVIN, administrator of THOMAS J. JOHNSON, plaintiff in error, *vs.* JOHN T. HOWARD, principal, JOHN B. VANOVER and JOHN T. SIMS, securities, defendants in error.

1. The traverse of the truth of the plaintiff's affidavit for attachment, must be made at the return term of the attachment.
2. An affidavit for attachment stating that "defendant is actually removing, or about to remove out of said county," is valid.
3. If two grounds for an attachment be included in one affidavit, would that vitiate the affidavit?   *Quere?*
4. A substantial compliance with the requirements of the attachment laws is sufficient; and the bond given by the plaintiff is amendable by the consent of the sureties thereto.
5. Declaration in attachment is amendable as in other cases at common law.
6. An affidavit for attachment need not describe the evidence of debt; it may state "the amount of the debt claimed to be due," and the pleadings should describe the cause of action.
7. A plaintiff in attachment may make it returnable to the term of the Court in which he elects to sue next after the issuing thereof, provided such Court shall not sit within twenty days after the issuing of the attachment. He may make it returnable to the next term of the Superior Court, notwithstanding a term of the County-court may intervene.
8. A bond with sureties given by a defendant in attachment for the purpose of having the property levied on delivered to him by the levying officer, conditioned that the "defendant shall appear at said term of said Court, and shall abide by and perform the order and judgment of

Irvin, Adm'r, *vs.* Howard.

said Court in the premises, and pay the said plaintiff the amount of the judgment and costs that he may recover in said case," is valid, and authorizes the plaintiff to enter up judgment against the defendant and sureties for the amount of the judgment that he may recover in said case.

9. Where a defendant in attachment replevies the property attached, by giving bond and security, his sureties are liable as " securities upon appeals," notwithstanding the loss or destruction of the property levied on.

10. Where three attachments were levied, and one bond given to replevy all the property levied on, judgment may be entered against the defendant and sureties on said bond for the amount of the judgment in each case.

Attachment. Motion to dismiss, etc. Before Judge CLARKE. Terrell Superior Court. May Term, 1867.

Johnson sued John T. Howard, William H. Turner and James Henderson, as joint contractors upon their joint note for $7,650.00, (with a credit thereon of $4,493.61, dated 5th March, 1858.) The note was dated 15th June, 1857, and due 1st January, 1858.

Pending this case, to-wit, on the 24th December, 1859, Johnson sued out an attachment against Howard, making affidavit that he was indebted to him in the sum of $3,262.50, and that Howard " is actually removing, or is about to remove out of said county."

The attachment bond was for one dollar less than double the amount sworn to. The attachment was returnable to May Term, 1860, of the Superior Court of said county. This attachment (with two others in favor of Johnson against Howard) were, on the 12th January, 1860, levied by the sheriff of said county upon certain slaves (admitted to have been of sufficient value to pay the attachment.)

Howard, with Sims and Vanover as his securities, replevied the slaves, giving, for that purpose, a bond with the following recitals: "That the said Thomas J. Johnson did, on the 24th day of December, 1859, apply for and obtain three attachments under the hand and seal of Joseph L. Weston, Justice of the Peace, in his favor against the said John T. Howard, returnable to the May Term, 1860, of the Superior

Irvin, Adm'r, *vs.* Howard.

Court of said county, which is for the sum of five thousand nine hundred and eighty-seven dollars and fifty-one cents, and which William J. Thornton, sheriff, did, on the 12th day of January, 1860, seize and levy on Green, 22 years old, Jim, 18 years old, Solomon, about 16 years old, Sampson, 14 years old, Bill, 38 years old, as the property of said John T. Howard. Now, if the said John T. Howard shall appear at the said term of the said Court, and shall abide by and perform the order and judgment of said Court in the premises, and pay the said plaintiff the amount of the judgment and costs that he may recover in said case, then this obligation to be void, else in full force and effect."

Plaintiff, in the attachment in question, obtained a judgment at common law against Howard and his said securities on the replevy bond. From this an appeal was taken, Henry Morgan, Esq., signing the names of Howard and his said securities to the appeal bond, and Daniel Woolbright and George W. Fanen signing it as securities on the appeal.

Subsequently Johnson died, and his administrator, Irvin, was made a party plaintiff.

The defendants filed (at the appeal term) a traverse of the grounds of attachment. A motion was made to strike this traverse because it was not filed at the return term of the attachment. This motion was sustained and defendants excepted. Defendants then moved to dismiss the attachment and declaration and proceedings thereunder, upon the following grounds : Because

1st. The declaration was on a promissory note signed by three parties, in common form, praying process to the next term of the Court, and contained no allusion to the attachment, and because the attachment affidavit is in the alternative as to the grounds of attachment.

2d. The attachment bond is for less than double the amount sworn to.

3d. That plaintiff did not, at the term to which the attachment was returnable, file a declaration on the debt set out in the attachment affidavit, the declaration being on a note for $7,650.00, (with a credit thereon of $4,493.61, dated 5th

Irvin, Adm'r, *vs.* Howard.

March, 1858,) said note being dated 15th June, 1857, and due the 1st of January, 1867.

4th. The attachment was sued out against John T. Howard on the 24th December, 1859, when, at that time, there was pending in the Superior Court of said county, a suit in favor of plantiff against Howard, Wm. H. Turner and James Henderson, as joint contractors for the same debt.   The note on which this pending suit was brought, was a joint note, but it was conceded that Turner and Henderson were in fact only securities for Howard on the note.

5th. (Was a reiteration of the traverse already ruled on by the Court.)

6th.   The attachment was returned to the Superior Court when there was an intermediate term of the Inferior Court of said county, to which the attachment could have been returned.

7th.  By the law in force when the replevy bond was given, the slaves levied on were to be the first property levied on to satisfy the judgment on the attachment, the slaves remained in possession of defendant in said county, till manumission, and manumission having made it illegal to levy and sell them, the securities are discharged from liability on their bond.

8th.  Johnson has already a judgment on said debt against Howard, Henderson and Turner, and execution issued thereon has been levied on property of Turner, sufficient to satisfy the same, and therefore he has no right to a judgment against the securities on the replevy bond.

9. The bond is illegal and oppressive, and on its face, taken by duress, in this, that said bond is both a special bail bond and replevy bond.

The declaration on attachment was attached to the attachment by mucilage, the case was stated on the back, and it was endorsed "Declaration on Attachment."   The plaintiff amended the prayer by striking the prayer for process, and praying judgment on the attachment.   This was allowed over defendant's objection.

The other recitals in the motion to dismiss, as to facts, dates and amounts, were not disputed.

The plaintiff moved to amend the attachment bond so as to make it double the sum sworn to, which the Court refused to allow.

After argument on the motion to dismiss, but before the Court had pronounced its judgment, the plaintiff suggested that the appeal was entered as to Howard, by Morgan, without any authority, and without any security or affidavit *in forma pauperis* as to him, Morgan having been in fact only the attorney for the securities in the replevy bond, and that Woolbright and Fanen became sureties for Vanover and Sims, under the assurance that they were incurring no other responsibility than for costs, and thereupon asked time to serve Howard, Sims and Vanover with a rule to show cause why the appeal should not be dismissed on the grounds stated in this paragraph. The Court refused to continue the case, and proceeded to overrule all the grounds taken except the second and ninth grounds in the motion to dismiss, but on those two grounds sustained the motion and ordered the attachment dismissed as to said securities on appeal.

The case is brought up by both sides without a copy of the record, upon an agreed statement of facts, the plaintiff assigning for error the dismissal of the attachment, and the rulings of the Court against him, and the defendants in the Court below assigning for error the said several rulings of the Court against them, and the disallowance of the other grounds in the motion to dismiss.

LYON, HOOD, HALL and IRWIN, for plaintiff in error.

MORGAN, HAWKINS and McCAY for defendants in error.

WALKER, J.

1. In Neal vs. Bookout, 30 Ga. Rep., 40, this Court decided that the preliminary issue in relation to the truth of the ground upon which an attachment issued, must be tendered

at the return term of the attachment. This was authority for the Court below to strike out the traverse made at the trial of the case on appeal. The tender of this issue came too late.

2. A motion was made to dismiss the attachment upon various grounds; the first of which was, because the affidavit of the plaintiff was in the alternative as to the grounds, the statement being that "the defendant is actually removing, or is about to remove out of said county." The act of 1856, p. 25, codified the attachment laws of this State, and its provisions have been substantially incorporated in the Rev. Code; Sec. 3199 *et seq.* The act of 1856 says, "Process of attachment may issue in the following cases :

1st. Where the debtor resides out of this State.

2d. When he is actually removing, or about to remove without the limits of any county.

3d. When he absconds," etc.

The affidavit in this case is in the language of the statute, and seems to be considered by it as one ground. "2d. When he is actually removing, or about to remove without the limits of the county." Whether this affidavit would have been sufficient under the old law or not, it is unnecessary now to determine. "Formerly, the attachment laws were construed strictly ; one of the provisions of which was, that any attachment sued out and returned, otherwise than the act itself prescribed, should be void. The late law by providing that a substantial compliance with its provision, shall be sufficient, has intentionally overturned the old doctrine." Force & Co. vs. Hubbard, 26 Ga. Rep., 290. The affidavit in this case is in the language of the statute, and is therefore valid.

3. Suppose the affidavit should contain two grounds named in the statute, would that vitiate the attachment? Why should it do so? I see no good reason for any such result. The plaintiff swears to such facts as entitle him to the attachment, and there is no reason why the attachment should be dismissed even if another ground had been added.

4. The second objection of the defendants to the attachment, and which was sustained by the Court, was that the

amount of the debt sworn to was $3,262.51, and the bond was for $6,524.02, being one dollar less than double the sum sworn to. A substantial compliance in all matters of form in cases of attachment, is all that is necessary, Rev. Code, Sec. 3215; and the plaintiff in attachment shall have the right to amend his attachment or bond or declaration, as in other cases at common law. Rev. Code, Sec. 3240. The plaintiff then, with the assent of his sureties, might have amended his bond, and the Court should have allowed him to do so rather than dismiss his case. See Oliver vs. Wilson, 29 Ga. Rep., 642.

5. The third ground of objection was, that the declaration was not filed at the first term; or rather, the declaration did not describe the cause of action according to the terms of the affidavit. A declaration was filed in the case at the proper time, and if wrong, it was amendable as in other cases at common law. Rev. Code, Sec. 3240.

6. The affidavit need not set forth the cause of action; that is left for the declaration to be subsequently filed in the case. Dobbs vs. The Justices, &c., 17 Ga. Rep., 630. To entitle a party to an attachment, he need make an affidavit only, that the debtor has placed himself in a condition to be attached, and of the amount claimed to be due. Rev. Code, Sec. 3200.

7. The party had a right to elect to which Court he would make his attachment returnable. If he chose to make it returnable to the next term of the Superior Court, he could do so, though a term of the Inferior or County-Court might intervene. "An attachment may be made returnable to the next term of the Superior or Inferior Court of the county, at the option of the party sueing out the same." Warret vs. Corbet, 13 Ga. Rep., 441.

8. Where an attachment has been levied upon the property of the defendant, it may be replevied by his giving bond with good security to pay the plaintiff the amount of the judgment and costs that he may recover in said case; and judgment may be entered up against the defendant and his securities upon said bond, as in cases of security upon appeals; Rev. Code, Sec. 3243. The bond given to replevy the prop-

erty levied on in this case, contained the conditions named above, and in addition thereto, bound Howard, the principal, to appear at said term of said Court, and abide by and perform the order and judgment of the Court in the premises. The bond was really a bond taken in accordance with the attachment act of 1779, Cobb's Dig., 71, and also imposing the obligations contained in Sec. 3243 of the Rev. Code. Of course there can be no objection to the bond so far as it is in accordance with the Code; and in Cole vs. Reilly, 28 Ga. Rep., 431, it was held that a replevying bond in attachment, conditioned that the defendant shall appear, and abide by, and perform the judgment in the attachment, binds him not only to appear, but also to pay the judgment, if judgment goes against him. This is precisely what the Code requires, and was the measure of the liability of the signers of said bond, no more, no less. The legal effect of this bond was precisely the security which the Code intended the plaintiff should receive on the property which had been levied on at his instance, being restored to the defendant in attachment. The Court, therefore, erred in holding the bond invalid.

9. The sureties having become liable to pay the judgment which the plaintiff should recover against the defendant as "securities upon appeals," were bound, notwithstanding the negroes levied upon had been emancipated. The obligation of the parties to said bond was not to deliver the property to satisfy such judgment as might be recovered in the case, but to "pay the said plaintiff the amount of the judgment and costs that he may recover in said case." The consideration of the bond was the delivery of the negroes levied on by the sheriff to Howard, the principal, and that consideration was received. The rights of the respective parties then became fixed. The consequences of the death or emancipation of the negroes, could only then affect the defendants, not the plaintiff.

10. As to the one bond being for three cases, there is nothing in that exception. The property levied on was delivered to Howard upon the faith of this bond, which made defendants liable as "securities upon appeals," and bound for the

amount of the judgment and costs which should be recovered in each case.

The judgment of the Court dismissing the attachment must be reversed.