## J. C. SHEFFIELD v. T. A. GAY.

1—In an affidavit for an attachment, the cause alleged was "that the said Gay is about to transfer his property for the purpose of defrauding his creditors," without further alleging that, thereby, the plaintiff "would probably lose his debt." *Held*, that this last clause is indispensable under our statute, and that the attachment was properly quashed for want of it.

2—The writ of attachment rests exclusively upon the statute, and the conditions precedent to its issuance must be strictly complied with.

ERROR from Guadalupe.   Tried below before James F. Miller, Esq., special judge.

The facts are sufficiently indicated in the opinion.

*John Ireland*, for plaintiff in error.

*W. E. Goodrich,* for defendant in error.

CALDWELL, J.—The only question is as to the sufficiency of the affidavit. The cause alleged is, "that the said Gay is about to transfer his property for the purpose of defrauding his creditors," without adding thereto, "that, thereby," the said plaintiff "will probably lose his debt." (Art. 142, P. D.)

Upon motion the attachment was quashed, and final judgment entered for the amount of the debt.

This writ rests exclusively upon the statute, and the conditions precedent to its issuance must be strictly complied with. This is the uniform rule of construction, which is evidenced by an unbroken series of opinions in all the States. (Caldwell v. Haley, 3 Texas, 321; Chevallier v. Williams, 2 Texas, 243; Drake, on Attachment, 106.)

To break the force of this rule of construction, we are furnished with a persuasive brief, by counsel for plaintiff in error, inviting a comparison of the several amended acts, with the law as it now stands, and thus ascertain the intent of the Legislature, which is supposed to be different from what it would seem to be, from the simple grammatical construction of the sentence. This would be tampering with legislative authority. If there was any ambiguity in the law as it now stands, the mode of construction suggested would, perhaps, be a profitable source of information; but there is no ambiguity. The Legislature has commanded that, to obtain the writ of attachment upon the ground relied on in the case at bar, there must be superadded thereto, *and* that, "thereby, he will probably lose his debt." This may be arbitrary and irrational, but it is authoritative and controlling to the courts.

The judgment is, therefore, affirmed.

Affirmed.