STOKES & LEONARD *vs.* NATHANIEL F. POTTER.

An affidavit indorsed on a writ, setting forth as a cause for attachment in the words of Gen. Stat. chap. 195, § 11, " that since the contracting of such debt the defendant has been the owner of property or in the receipt of an income which he has refused or neglected to apply towards the payment thereof, though requested by the plaintiff so to do," is sufficient, although the causes assigned for making the attachment are stated in the disjunctive, they being but different modes of alleging the same fact.

ASSUMPSIT to recover the sum of $2,500, alleged to be due on a promissory note signed by the defendant. The case was heard upon the plaintiffs' demurrer to the defendant's plea in abatement. The facts of the case are stated in the opinion of the court.

*Stiness,* for plaintiffs.

*Bradley & Whitman,* for defendant.

DURFEE, J. The writ in this case was served by attachment of personal property. The affidavit indorsed on the writ sets forth as a cause for the attachment, " that since the contracting of said debt the defendant has been the owner of property or in the receipt of an income which he has refused or neglected to apply towards the payment thereof, though requested by the plaintiffs so to do." The defendant pleads, in abatement to the writ, that the affidavit is not sufficient to authorize the attachment. The plaintiffs demur. The affidavit is in the words of the statute, Gen. St. ch. 195, § 11; but the defendant claims that it is insufficient, because it assigns one or the other of two causes for the attachment, and thus leaves it uncertain for which one of the two causes the attachment was made. The defendant has cited cases to show that this is a defect. Thus in Texas the statute authorizes an attachment upon affidavit, that the defendant " is about to transfer or secrete, or has transferred or secreted, his property," &c. It has been held that an affidavit which alleges these causes, or any two of them, disjunctively, is insufficient. *Hopkins* v. *Nichols,* 22 Texas, 206 ; *Garner* v. *Burleson,* 26 Texas, 348 ; *Culbertson* v. *Jarman,* 29 Texas, 249. In California an affidavit alleging indebtedness " upon contract, express *or* implied," was held to be bad. And see *Stacy* v. *Stichton,* 9 Iowa, 399 ; *The People* v. *The Recorder of Albany,* 6 Hill, 429; Drake on Attach. § 101.

The plaintiffs, on the other hand, refer to cases which hold that an affidavit, assigning two or more causes disjunctively, is sufficient, where the causes assigned are not so much distinct causes as different phases of the same cause, or are treated as such by the statute. In *Klenk* v. *Schwalm*, 19 Wis. 111, where the statute allowed an attachment because "the defendant has assigned, disposed of, or concealed, or is about to assign, dispose of, or conceal any of his property, with intent to defraud his creditors," it was held that this was to be considered as constituting a single ground or cause of attachment, and that an affidavit in the words of the statute was good. In *Irvin* v. *Howard*, 37 Ga. 18, an affidavit setting forth, in the language of the statute, that the defendant is actually removing or is about to remove out of the county, was held sufficient. It seems, say the court, to be considered as one ground. So where an attachment is issuable in case the "defendant absconds or secretes himself," an affidavit in the alternative has been held to be good. The two words signify different phases of the same cause for attachment, — namely, an evasion of personal service. *Johnson* v. *Hale*, 2 Stew. & P. 331; *Cannon* v. *Logan*, 5 Ind. 77; *Conrad* v. *McGee*, 9 Yerg. 428; and see *Bosbyshell* v. *Emanuel*, 12 S. & M. 63; *Van Alstyne* v. *Erwin*, 11 N. Y. 331; *Howard et al.* v. *Oppenheimer*, 25 Md. 350. And in Kentucky the fact that the causes stated in the alternative are contained in different sub-sections is not considered a sufficient reason for disallowing the affidavit. *Wood* v. *Wells*, 2 Bush, 197; *Hardy* v. *Trabue*, 4 Bush, 644.

The cases cannot be reconciled. We prefer to follow the cases which permit the affidavit to be made in the disjunctive, where the two or more causes assigned are but different modes of alleging the same fact. In the case at bar the alternative causes embraced in the affidavit are coupled by the statute in the same subdivision. They are but different modes of stating the same fact, — namely, that, having means, the defendant has refused to apply them towards the payment of his debt, though requested by the plaintiff to do so. In fact, the alternativeness is apparent rather than real, for a person who has been in receipt of income has been the owner of property; and, therefore, when the affidavit adds to the statement, that " the defendant has been the owner of property," the words, " or in the receipt of an income,"

it adds nothing, the omission of which would make the affidavit less comprehensive. Income when received is the property of the recipient. The affidavit is in our opinion sufficient.

_The demurrer is therefore sustained, and the plea in abatement overruled._