## MOODY & JAMISON v. JULIUS LEVY & CO.

### (Case No. 1466.)

1. ATTACHMENT.— Prior to the adoption of the Revised Statutes the attachment law required the plaintiff to swear "that the attachment is not sued out for the purpose of injuring the defendant." The Revised Statutes require that the affidavit shall state that the attachment is not sued out for the purpose of injuring or harassing the defendant. An affidavit made under the Revised Statutes contained this language: "This attachment is not sued out for the purpose of injuring and harassing the said defendant." *Held*, a motion to quash was properly sustained, the affidavit not being made in compliance with the statute.

APPEAL from Gonzales.   Tried below before the Hon. E. Lewis.

The appellants sued the appellees on an account for $2,859.65, and caused to be issued and levied, in January, 1881, an attachment on the goods of the defendants.   The attachment was quashed on the motion of defendants.   One of the grounds of the motion was, "because the affidavit for attachment pretermits the statutory requirement 'that the attachment is not sued out for the purpose of injuring or harassing the defendants,' and substitutes therefor the expression, 'this attachment is not sued out for the purpose of injuring and harassing the said defendants.'"

Judgment was rendered in favor of the plaintiffs for the amount of their debt, and they appealed to the supreme court, and assigned as error the ruling of the court in sustaining the motion to quash.

*Harwood & Winston* and *T. H. Spooner*, for appellants.— The allegation in the affidavit for the attachment, that "this attachment is not sued out for the purpose of injuring *and* harassing the said defendants," instead of "injuring *or* harassing the defendants," was a substantial compliance with the statute.   R. S., art. 159.

No brief for appellees has reached the Reporter.

WALKER, P. J. COM. APP.— The attachment law enacted in the Revised Statutes, art. 153, provides that "the affidavit shall further state that the attachment is not sued out for the purpose of injuring or harassing the defendant."   Previous acts required the plaintiff to swear "that the attachment is not sued out for the purpose of injuring the defendant."   Several additional causes for the issuance of a writ of attachment are included in the Revised Statutes with those which had previously existed.

In construing art. 153, R. S., we may fairly conclude that it was

the intention of the legislature to increase the restrictions in obtaining, and thus diminish the danger of abuse of a remedy so stringent, as well as to enlarge and extend the grounds which authorize its use.

The settled rules of law everywhere exact a strict construction of attachment laws; numerous cases in Dallam, as well as many subsequent decisions of our supreme court, have steadily held that the writ of attachment being a summary remedy created by statute, the statute should be followed in all respects, and all the incidents pertaining to the remedy must be strictly complied with.    Gregg v. York, Dallam, 528; Wooster v. McGee, 1 Tex., 17; Raguet v. Nixon, Dallam, 386; 32 Tex., 225; 3 Tex., 317–321.

Such being the spirit of the law concerning attachment proceedings and such like extraordinary and stringent remedies, we think that when the legislature superadds an additional requirement to the condition formerly exacted in respect to the motive of the plaintiff in suing out the writ, that the courts will presume, in construing the new law, that the phrase or term used was intended as more than a mere redundant expression, signifying another phase of, or one that is embraced by that which was contained in the former law and which is also retained in the new.

The proper rule of construction requires us to search for a reason consistent with the expediency and wisdom of employing both of the terms of the sentence, and to give an appropriate signification to each in the sense and compatible with what may be supposed to have been the intention of the legislature; the statute would thus be construed *in pari materia*, as viewed in relation to pre-existing statutes on the same subject, and the changes made in the Revised Statutes concerning attachments.

We are of the opinion that art. 153, R. S., embodies two distinct requirements in suing out a writ of attachment; it contemplates that the plaintiff shall make affidavit that his purpose is not to injure the defendant in the sense of inducing a damage, loss or detriment to him; and also that he shall swear that his purpose is not to harass the defendant in the sense in which that word is popularly understood.

"Injure," and "injury," are words having numerous and comprehensive popular meanings, as well as having a legal import.    The varieties of their signification are not important in this connection, further than as may be required to draw a line between those words and the word "harass," and to exclude the latter from being comprehended within the word "injure," or "injury."    The syno-

nyms of "harass" are, to weary, jade, tire, perplex, distress, tease, vex, molest, trouble, disturb.   They all have relation to mental annoyance, and a troubling of the spirit.

Such being, as we conceive, the meaning of the statute, to comply with its requirement the affidavit must show that the attachment was not sued out for the purpose of either injuring the defendant, nor of harassing him.   The affidavit in question was that the writ was not sued for both the one and the other purpose.

The affidavit does not follow the language of the statute, nor are the statements in it equivalent to what is required.   It is not inconsistent with the facts stated, viz., that "this attachment is not sued out for the purpose of injuring *and* harassing the said defendants;" that the plaintiff had the purpose of doing the one or else the other.   Perjury in having falsely stated that the purpose was to do either of those two things could not be assigned upon such an affidavit.

It sometimes happens that an affidavit is bad for following literally the words of the statute itself; and the test to determine its insufficiency is in the fact that perjury could not be assigned upon the affidavit for its alleged falsity.   "If the literal following of the words of the statute would make an affidavit upon which perjury could not be assigned, it is held in Wisconsin that the affidavit is bad.   Thus, where the law authorized the issue of an attachment upon affidavit 'that the defendant has assigned, disposed of, or concealed, or is about to assign, dispose of, or conceal, *any* of his property with intent to defraud his creditors,' and the affidavit was in the precise words of the law, it was considered bad."   Drake on Attach., 5th ed., sec. 107*a;* Miller *v.* Munson, 34 Wis., 579.

The sense and intent of art. 153, R. S., being to require the plaintiff to negative both the purpose to injure and to harass the defendant, the affidavit must disclaim as to the existence of either and each of those proscribed motives.   The affidavit in this case does not exclude the idea that the purpose to do the one or the other of those two things existed in the mind of the plaintiffs, notwithstanding the declaration that the purpose to do the one and also the other did not exist.

In the case of Blum *v.* Davis, 56 Tex., 426, the rule was followed that where the disjunctive *or* is used, not to connect two distinct facts of different natures, but to characterize and include two or more phases of the same fact, attended with the same results, it was proper for the affidavit to pursue the language of the statute, notwithstanding the disjunctiveness of the sentence.   See Drake on

Attach., 5th ed., sec. 102, citing Johnson *v.* Hale, 3 Stewart & Porter, 331; Cannon *v.* Logan, 5 Porter, 77; Wood *v.* Wells, 2 Bush, 197.

We construe the words "injuring" and "harassing" as being used by the statute in no such sense as that which the above rule indicates, but as meaning and relating to distinct and independent subjects.

Our conclusion is that the judgment of the court below was right, and ought to be affirmed.

AFFIRMED.

[Opinion of commission adopted by the supreme court February 13, 1883.]