ANDREW N. HOPKINS v. Q. J. NICHOLS.

An attachment will be quashed, if issued upon an affidavit alleging, in the disjunctive, the existence of one or the other of two distinct causes for the attachments, as that the defendant has transferred, or secreted, his property, for the purpose of defrauding his creditors ; but it is otherwise, where two phases of the same general fact are stated in the disjunctive, as that the defendant so absconds, or conceals himself, that process cannot be served.
See this case, for the construction of the first section of the Act regulating Attachments, passed July 24th, 1856. (Old. & Wh. Dig. Art. 43. p. 41.)

APPEAL from Travis. Tried below before the Hon. A. W. Terrell.

The agreed statement of the case made by the parties, and approved of by the judge, under the Act of 7th Leg. p. 112, showed that an attachment issued from the court below, in favor of Hopkins, the appellant, against Nichols, the appellee; and the only question involved in the case, for the consideration of this court, was, as to the sufficiency of the plaintiff's affidavit, in setting out the causes for suing out the attachment, which was in these words: "also, that the said defendant, Q. J. Nichols, is "about to transfer, or secrete, or has transferred, or secreted, "his property, for the purpose of defrauding his creditors."

On motion of the defendant, the attachment was quashed, and cause dismissed; and the plaintiff took his appeal to this court.

*Brownrigg*, for appellants. Although it is admitted, that an affidavit for an attachment, which sets forth two separate and distinct causes, and connects them with the disjunctive "or," is bad, for uncertainty; yet, where the disjunctive is used to characterize two or more phases of the same fact, attended with the same result, the construction is otherwise; it then becomes copulative. (Drake on Attach. §§ 110, 111, 113. It was held, in the case of Cannon v. Logan, 5 Port. Ala. Rep. 77, that an affidavit for an attachment, where the charge was, that the debtor "absconded or secreted himself," was sufficient; and that, in such cases, the word "or" is not disjunctive. See also Conrad v. McGee, 9 Yerg. Rep. 428, where it was held that, in such cases, the word "or" is copulative, and *both*, or *either*, are sufficient ground.

*Hamilton* and *Sublett*, for appellee. The affidavit is defective, not that it is strictly in the alternative, that one of two facts is true, but that one of four facts is true. It is defective, for the uncertainty as to which of the causes is relied on. It is defective, from the fact, that no indictment could be sustained in case the affidavit is false.

BELL, J. This suit was commenced by the appellant, in the court below, against the appellee, by attachment.

The affidavit, upon which the attachment issued in this case, is in the following words: "that the said defendant, Q. J. "Nichols, is about to transfer, or secrete, or has transferred, or "secreted, his property, for the purpose of defrauding his credi- "tors. "It is admitted, that the affidavit was, in its other parts, formal; and it is also admitted, that all the proceedings, after the issuance of the attachment, were regular. The only question, therefore, which is presented to this court, is, whether or not the words, above quoted, constitute a good affidavit to support an attachment.

The general rule is well established, and is admitted by the appellant, that an affidavit for an attachment must be certain and positive, and not in the alternative. It was objected by the appellee, in the court below, that this affidavit was bad; that it was not only in the alternative, but otherwise and necessarily vague and indefinite. The court below sustained the appellee's exceptions to the affidavit, and dismissed the cause.

We are of opinion, that the court below did not err in sustaining the exceptions to the affidavit. It is true, as is contended by the appellant that, the conjunction "or" is not always disjunctive in its signification. There are familiar instances given in the law books, in which the conjunction "or" is held to be equivalent in meaning to the copulative conjunction "and": and such meaning is often given to the word or, in deeds, and in wills, for the purpose of carrying out the intention of the party.

There are also cases in which the word "or" may be permitted to retain its primary signification, as a disjunctive conjunction, and yet the use of it will not vitiate an affidavit for an attachment. There are cases where the word "or" is used, in the statement of two or more phases of the same general fact, and not to connect two distinct facts. For illustration, where the statute says that, if the debtor "absconds or secretes himself," so that process cannot be served on him, an attachment may issue: here, the general fact (so to speak) is, that the party cannot be found by the officer, so that process may be served. This may be either because he has absconded, or be-

cause he secretes himself. It may be, that the creditor knows the general fact, that the debtor cannot be found, so that process may be served; but he does not know, and perhaps cannot know, whether the debtor has absconded, or whether he secretes himself, not having absconded. In such case, the creditor is permitted to say, in his affidavit, that the debtor has absconded *or* secreted himself, because he knows that one of the two things has been done, but he does not know which of the two; and because the two things are but phases or elements of the same general fact. (See Drake on Attach. § 110; Johnson v. Hale, 3 Stew. & Port. Rep. 331; Cannon v. Logan, 5 Port. Ala. Rep. 77.)

In the case of Conrad v. McGee, 9 Yerg. 428, Judge Green stated the foregoing proposition with the utmost clearness. In that case, the affidavit was that "A. B. hath absconded, or so "conceals himself, from the county, that process cannot be "served on him," &c. The statute of Tennessee provided, that attachments might issue, upon oath being made "that any person "hath removed, or is removing out of the county privately, or "so absconds, or conceals himself, that the ordinary process of "law cannot be served," &c. The judge said, that several causes for the issuance of attachment were here stated: 1st. Where a party hath removed out of the county privately: 2d. Where a party is removing out of the county privately: and 3d. Where he so absconds, or conceals himself, that the ordinary process of law cannot be served on him. Speaking of the affidavit before him, the judge said, "If it were admitted "that the words, 'hath absconded,' were equivalent to the first "cause stated in the act, viz., 'hath removed out of the county "privately,' the statement of that fact would be, of itself, a dis- "tinct cause, and the addition of another cause would be fatal."

Now, it cannot be denied, that the clause of our statute of July 24th, 1856, upon the construction of which this question depends, and which has been quoted, does state more than one cause for the issuance of an attachment. That a party is about to transfer his property, for the purpose of defrauding his credi-

14

tors, is one cause ; that he is about to secrete his property, for the same fraudulent purpose, is another cause; that he has transferred his property, for the purpose of defrauding his creditors, is another cause; and that he has secreted his property, for the purpose of defrauding his creditors, is yet another cause.

To transfer property, within the meaning of the statute, is to place it in the hands of another, under pretence of title. To secrete property, within the meaning of the statute, is to hide it, to put it where the officer of the law will not probably be able to find it. These two acts can, in no sense, be considered as phases of the same general fact. It follows that, to embrace both these causes in the same affidavit, makes the affidavit indefinite; and to embrace four causes, in the same affidavit, is to make the affidavit not only alternative, but doubly so, if the expression be proper.

The other ground of error, viz., the dismissal of the amended petition, on the twenty-second of June, seems not to be relied on by the appellant, and needs not to be discussed; for it follows, that, if the original petition was properly dismissed, the plaintiff below had no standing in court, and there was no petition to amend. The judgment is affirmed.

Judgment affirmed.