GREEN CARPENTER ET AL. v. R. S. PRIDGEN.

1. An affidavit for attachment on the ground that the defendants "are about to transfer their property or dispose of the same," etc., is insufficient.

2. In an affidavit for attachment it is improper to allege disjunctively two distinct causes indicating the fraudulent intent of the defendant.

3. In an action for goods purchased by a minor who pleads minority, it is necessary to show, either that the minor obtained the goods by fraudulent representations, or that the goods were necessaries.

APPEAL from Houston. Tried below before the Hon. L. W. Cooper.

Pridgen brought suit on an account for merchandise by attachment.

Green Carpenter and his mother, Lavinia Carpenter, the defendants, moved to quash the attachment; pleaded general denial, minority of defendant, Green Carpenter, and that the property levied on by attachment was not subject to execution.

The motion to quash was overruled, judgment was rendered for plaintiff, and the defendants appealed.

A. M. Jackson, for appellants, cited 27 Texas, 348, Garner v. Burleson; 22 Texas, 206, Hopkins v. Nichols; 29 Texas, 247, Culbertson v. Cabeen; Drake on Attachment, Sections 101, 105; 12 Ohio S., 335, Emmett v.

Yeigh; 1 McChord, 511; 2 A. K. Marsh., 151; Hardin, 342; 3 Watts, 144; 4 Cal., 195; 1 Pars. on Con., 316, 318.

*H. W. Moore*, and *Hancock & West*, for appellee, cited Paschal's Digest, Articles 138, 142, 143, 3802; 19 Texas, 101, Stewart v. Hamilton; 8 Texas, 226, Russell v. Mason; 23 Texas, 641, Anderson v. Anderson; 24 Texas, 288, Baldridge v. Gordon; 17 Texas, 348, Kilgore v. Jordan.

MOORE, ASSOCIATE JUSTICE.—So much of the affidavit upon which the attachment in this case issued to which it is necessary to refer reads as follows: "The said defendants, Green and Lavinia Carpenter, are about to transfer their property, or dispose of the same, for the purpose of defrauding their creditors, and that thereby affiant will probably lose his debt." The act or acts indicating the fraudulent purpose of the appellant, by reason whereof the appellee might probably lose his debt, is alleged disjunctively to be the transferring or the disposing of their property. And unless it can be held that the ground alleged for the attachment in the second clause of the affidavit conveys the same legal import as the first, and may therefore be treated as surplusage, whatever may be the rule in some of the other States where similar statutes are in force, it is well settled by the decisions of this court that the affidavit is defective, and the motion to quash the attachment should have been sustained. (Hopkins v. Nichols, 22 Texas, 206; Garner v. Burleson, 26 Texas, 348; Culbertson v. Cabeen, 29 Texas, 247.)

In these cases the affidavits upon which the attachment issued were held defective, because, it being alleged in the affidavits that the defendants were about "to transfer or secrete their property, the affidavits were not certain and positive, but allege alternatively two distinct and independent facts which in no sense could be considered as

phases of the same general fact. "To transfer property," says the court, in Culbertson v. Cabeen, 29 Texas, 248, "is to place it in the hands of another. To secrete property is to hide it, to put it where the officer of the law will probably not be able to find it." It seems quite obvious that it can no more be said that to transfer property to defraud one's creditors, when we speak with legal accuracy, imports the same fact as to dispose of it, than does the transfer and secreting it. It might be more plausibly insisted that the allegation in the affidavit in this case, that defendants were about to dispose of their property for the purpose of defrauding their creditors, was in effect to allege that they were about to secrete it, rather than a reiteration of the allegation that they were about to transfer it. It cannot be said, however, that either of the words are precisely synonymous. To dispose of property evidently conveys a broader significance than to transfer or secrete it. And even if it is conceded the word "dispose" includes all the phases of the facts conveyed by the word "transfer," or "secrete," as it evidently also includes other facts not embraced by either or both of the words used in the statute, it cannot be substituted for them, and the affidavit sustained upon the hypothesis of a conjunction of the two grounds for attachment of which we are here speaking.

The plaintiff in error, Green Carpenter, appeared by attorney, and, in connection with other pleas in bar, pleaded minority. No exception was taken, either to the order or manner in which this plea was presented to the court. The precise issue raised by it seems to have been deemed unimportant, and to have attracted no attention in the further progress of the case. From the instructions given the jury by the court, without objection, so far as disclosed by the record, the plea of minority appears to have been treated by the parties and court as merely involving the question of liability for the goods

purchased by him from defendant in error. And as this was the issue presented by the charge of the court, with the apparent acquiescence of the parties, for the determination of the jury, if the testimony supported the verdict we could not say that plaintiffs in error had any just ground of complaint. But an inspection of the record does not satisfy us that the testimony submitted to the jury authorized a verdict in favor of defendant in error, on the issue submitted to them by the charge of the court. The testimony of the defendants in the court below conclusively established the fact that Green Carpenter was a minor at the time the goods were purchased and the account made upon which this suit is brought, and there is nothing in the record which can be fairly construed as rebutting or conflicting with this evidence. The plaintiff below testified that Green Carpenter had traded with him in the year 1869, the year previous to that in which the account sued upon was made, and had complied with his contract, "and was recognized as his own man, and did all his own trading, and was recognized as of twenty-one years of age by the neighbors generally;" and that he regarded "the defendant, Green Carpenter, as a man of age, and had been trading with him two years under the impression that he was responsible for his own contracts, and that the defendant had told him time and time again that he was responsible for his contracts." It was also testified by one of the witnesses for Pridgen, that Lavinia Carpenter told him that Green did all of his own trading, and was responsible for his contracts. It is quite evident, however, that these statements, although literally true, do not conflict with or rebut the direct testimony of plaintiffs in error, which clearly and conclusively—if true—establishes the fact that Green Carpenter was a minor at the time the account was created upon which the suit was brought. Nor does the testimony show that the goods were obtained by fraudulent representations

which made him responsible for them, though a minor at the date of their purchase. Nor was it shown that they were necessaries for the payment of which his own estate, if he had any, could have been held bound. We think, therefore, the court erred in overruling the motion for a new trial. And for the error in this, and in overruling the motion to quash the attachment, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.