## LEON & H. BLUM v. A. E. & J. W. DAVIS.

(Case No. 1385.)

1. ATTACHMENT — AFFIDAVIT NOT IN THE ALTERNATIVE. — An affidavit for an attachment stating that the defendants "were about to convert their property or a part thereof into money for the purpose of placing it beyond the reach of their creditors," is not open to the objection that it states two separate grounds for an attachment in the alternative.

2. SAME — EVIDENCE AS TO DAMAGE SUBSEQUENT TO, INADMISSIBLE. — In an action by an attaching creditor, when the debtor reconvenes for damages from suing out the attachment, evidence of damage sustained by the debtor by reason of subsequent attachments by other parties is inadmissible.

3. CHARGE SUBSTANTIALLY CORRECT, NOT ERRONEOUS WHEN. — A charge which makes a wrongful suing out of an attachment depend upon the fact that the debtors *were not converting* their property into money, etc., at the time of the attachment, instead of putting it upon the ground that they *were not about to so convert* it, as applied to this cause, is not erroneous, not being to the prejudice of the party complaining.

4. RULES OF SUPREME COURT AS TO TRANSCRIPTS. — The rules of the supreme court with reference to the preparation of transcripts are designed to facilitate business, and the violation of the same by the insertion of unnecessary matter or by repetition will subject the party in fault to have taxed against him, on motion of the opposite party, unnecessary costs thereby incurred.

APPEAL from Walker. Tried below before the Hon. John R. Kennard.

Leon Blum, Sylvain Blum and Hyman Blum, partners, doing business under the firm name of Leon & H. Blum, sued A. E. Davis and W. J. Davis, partners, doing business under the firm name of A. E. & W. J. Davis, to recover a debt of some $1,600 claimed as due to Leon & H. Blum by A. E. & W. J. Davis. Appellants gave bond and made affidavit for attachment, which was issued and levied on appellees' property. Appellees moved to quash the attachment, and the court granted the motion, quashed

the attachment, and ordered the proceeds of the attached property to be returned to appellees — the property itself having been sold *pendente lite* under an order of the judge — and the proceeds being in the hands of the clerk of court. Appellants moved to stay the operation of the order of restitution until appellants could appeal therefrom, and it was so ordered by the court, appellants being required to give, and giving a bond conditioned to pay appellees damages for the delay in case the order quashing the attachment should ultimately be sustained. Appellees admitted the correctness of the debt claimed by appellants, but pleaded in reconvention for $3,500 actual damages for the alleged wrongful issuance of the attachment, and for $5,000 exemplary damages. Verdict and judgment were given for appellants for their debt, and that appellees take nothing by their plea of reconvention. Costs of the attachment were adjudged against the appellants, who moved the court to reform the judgment (notwithstanding the former proceedings) so as to subject the proceeds of the attached property to the payment of the judgment for the debt. This motion was overruled and appellants bring this appeal upon the assignment of errors as hereinafter shown.

*W. A. Leigh* and *Scott & Levi*, for appellants.

I. The court erred in quashing the writ of attachment in said cause. The affidavit for attachment, upon the insufficiency of which all the rulings of the court referred to in the assignment of error were based, was sufficient in law to support the attachment. It alleged but a single ground for the attachment, and the alternative complained of only stated two different phases of the same general ground for attachment, and not two separate and distinct grounds; and the motion to quash should have been overruled and the subsequent proceedings upon the attachment should have been had accordingly. R. S.,

art. 152, clause 11; id., art. 159; id., art. 180; Hopkins *v.* Miller, 22 Tex., 209; Culbertson *v.* Cabeen, 29 Tex., 253; Drake on Attachment, sec. 102, and authorities cited.

*Abercrombie & Randolph* and *A. T. McKinney,* for appellees.

I. It is not true that the motion to quash the attachment should have been overruled. R. S., art. 152; Carpenter *et al. v.* Pridgen, 40 Tex., 32; Culbertson *v.* Cabeen *et al.,* 29 Tex., 247; Garner *v.* Burleson, 26 Tex., 348; Hopkins *v.* Nichols, 22 Tex., 206; Drake on Attachment (6th ed.), sections 101, 102 and 107*a,* and authorities cited under each; Sayles' Pl., sec. 26; 1 Chitty's Pl., sec. 260.

II. The court erred in refusing to permit appellees to prove by the witness, A. E. Davis, that other parties procured and levied attachments on the property of appellees. R. S., art. 2252; York's Adm'r *v.* Gregg, 9 Tex., 85; Coons *v.* Renick, 11 Tex., 134; Wallis *v.* Beauchamp, 15 Tex., 303; Greenleaf's Evidence, secs. 484, 485, 508, 582.

III. The court erred in the second clause of the charge where it submitted to the jury the question whether the defendants *had* converted their property, or a part thereof, instead of the real issue submitted by the pleadings, as to whether the defendants *were about* to convert their property, or a part thereof, into money, for the purpose of placing the same beyond the reach of their creditors, as is shown in motion for new trial.

IV. The court erroneously charged the jury that appellees' right to recover actual damages depended solely and alone upon the proposition whether appellees were about to convert their property, or a part thereof, into money, for the purpose of placing it beyond the reach of their creditors, disconnected from the further fact that plaintiffs would thereby probably lose their debt.

STAYTON, ASSOCIATE JUSTICE.— The ground set out in the affidavit in this cause for attachment was that A. E. & W. J. Davis "were about to convert their property, or a part thereof, into money, for the purpose of placing it beyond the reach of their creditors," and a motion to quash the attachment, which was sustained by the court below, was based upon the insufficiency of that affidavit; and it is claimed that the same was insufficient in "that the affidavit is not positive, but strictly in the alternative," and states that one of two facts which authorizes the writ is true, but does not state which is true.

Under the law as it stood prior to the adoption of the Revised Statutes, the facts made the basis for an attachment in this cause were not ground therefor.

Under former laws in a number of cases, in which more than one specific ground for attachment was set out in the alternative in the affidavit, it has been held that the affidavit was insufficient; among them are the cases of Carpenter et al. v. Pridgen, 40 Tex., 32; Hopkins v. Nichols, 22 Tex., 206; and Culbertson v. Cabeen et al., 29 Tex., 247.

These were all cases in which the alternative grounds set up were separate and distinct, and in themselves complete, and presenting diverse grounds upon which the writ was authorized.

If the ground set out in the affidavit in this cause be of that character the same result should follow; but it is not believed that such is the case. To convert property into money for the purpose of placing it beyond the reach of creditors, may involve the whole or only a part of the property of the debtor; and if the words "or a part thereof" were erased from the statute, a conversion of a part of the debtor's property about to be made, for the prohibited purpose, would be sufficient to sustain an attachment based upon an affidavit charging that a debtor was about to convert his property into money for the

purpose of placing the same beyond the reach of his creditors; and an affidavit charging that a debtor was about to convert a part of his property into money for the purpose of placing the same beyond the reach of his creditors, would be sufficient to authorize an attachment in a case in which a debtor was about to convert all of his property into money, for the purpose of placing the same beyond the reach of his creditors. The difference is only in degree and not in the quality of the act, either in the mental or physical act of the debtor.

The conversion of a part of a debtor's property into money is a conversion of his property into money; and a conversion of his property into money is a conversion of a part of his property into money; for the whole includes every part.

The statute evidently intended that any phase of conversion about to be made by a debtor for the specified purpose, which in degree is such "that the plaintiff will probably lose his debt unless such attachment is issued," whether the same amounts to a conversion of the entire property of a debtor subject to forced sale, or of only a part thereof, shall constitute but one ground for attachment (Drake on Attachments, 102 and citations; Hopkins v. Nichols, 22 Tex., 208), and we are of the opinion that the court erred in quashing the attachment in this cause.

The Davises have filed cross assignments of error, and urge that the court erred in refusing to permit proof that after attachment was sued out by L. & H. Blum, other persons sued out attachments against them, in order to show that they sustained damage.

It was not proposed to show that L. & H. Blum caused such attachments to issue, nor that they had been in any way connected therewith; and we are not aware of any rule by which L. & H. Blum could be made responsible for the acts of others with which they were in no manner connected. If they wrongfully sued out an attach-

ment, they were liable for the proximate damage to Davis resulting therefrom; but that other persons should sue out attachments against the property of the Davises simply because the Blums had done so, was certainly not the natural, ordinary or proximate result.

If other persons wrongfully sued out attachments they would be liable to A. E. & W. J. Davis therefor upon their attachment bonds; but if such attachments were not wrongfully sued out, no damage whatever, in legal contemplation, would result to the latter. The suing out of the attachment could neither make nor prevent grounds for suing out attachments by others.

The proof not being admissible, it is unnecessary to consider whether or not the court erred in not permitting it to be made in the manner proposed by the Davises.

After instructing the jury that they would inquire into the truth or falsity of the affidavit made for attachment, the court instructed the jury as follows: " Now if it be true, that, at the time said affidavit was made, the defendants were about to convert their property, or a part thereof, into money, for the purpose of placing it beyond the reach of their creditors, then the defendants are not entitled to any actual damages against the plaintiffs and the sureties on their attachment bond; but if you shall believe to your satisfaction, from the evidence, that the defendants were not so converting their property, or a part thereof, into money, for the purpose of placing it beyond the reach of their creditors, then such attachment was wrongfully sued out, and you will find for the defendants," etc.

It is claimed that this charge was erroneous, in that it made the wrongful suing out of the attachment to depend upon the fact that they *were not converting* their property into money for the purpose of putting it beyond the reach of their creditors at the time the attachment was sued out, instead of putting it upon the ground that if they were *not about to so convert* their property, or

a part thereof, the suing out of the attachment was wrongful.

It is not believed that in reference to this cause, and the propriety of the charge given, there can be any substantial difference between the charge as given and as it would have been if given as appellees contend it should have been.

The words "were not so converting" are not materially different in their meaning when applied to this cause, from the words "were not about to convert," which appellees contend should have been used in the charge; both phrases indicate an uncompleted design to convert, and the words used could not have misled the jury. McGraw v. Welch, 2 Col., 284. If the charge had been erroneous it would be such error as the appellees could not complain of; for it made the rightful suing out of the attachment to depend upon an intention, somewhat advanced by act, towards an actual conversion into money, which was more than the statute requires; for the formed intention, coupled with an opportunity to convert, would be sufficient to render suing out of the attachment rightful. That the charge of the court, construed according to its grammatical construction, would make the suing out of the attachment wrongful unless A. E. & W. J. Davis were actually engaged in converting their property into money for the purpose of placing the same beyond the reach of their creditors at the time the attachment was sued out, could not have prejudiced the rights of the Davises.

The charge of the court fairly submitted the proper issues to the jury, and the verdict of the jury in favor of L. & H. Blum establishes that the attachment was not wrongfully sued out; and it is therefore unnecessary to consider the charge of the court in reference to such matters as bore only upon the question of exemplary damages.

There was some testimony tending to show that grounds

for the attachment existed, and, though there is much evidence to the contrary, the jury having passed upon the question, and the judge who tried the cause having refused a new trial, it is not a case in which, under established rules, we would be authorized to reverse the judgment upon the ground that it was not supported by evidence.

We deem it proper in this cause to call attention to the utter disregard of the rules of this court in regard to the manner of making up transcripts. The rules upon this subject are intended not only to facilitate the business of the court, but to prevent the accumulation of unnecessary costs.

The transcript in this cause contains many papers wholly unnecessary to the proper presentation of the case, and even in reference to some of these papers we find them inserted more than once, thus running up the bill of costs to a sum unnecessary and unreasonable.

There has been no complaint by either of the parties on this account by motion to tax unnecessary cost against the party who filed the transcript here, or otherwise; but we desire to say that, in this and similar cases, such a motion, if made, would receive a very prompt hearing.

The judgment of the court below being erroneous in so far as it adjudged the affidavit for attachment insufficient, and quashed the attachment levied in the cause, and it appearing that the attached property had been sold, and that the proceeds of the sale were now in the custody of the court below, the judgment of the district court will be so reformed as to apply the proceeds of the attached property to the payment, so far as the same will go, of the judgment rendered in favor of L. & H. Blum in the court below, which is affirmed.

REFORMED AND AFFIRMED.