## DUNNENBAUM & FRIEDLANDER V. SCHRAM & CO.

### (Case No. 4841.)

1. ATTACHMENT.— Hopkins v. Nichols, 22 Tex., 206, and other cases which hold that an affidavit for attachment which embraces more than one distinct statutory ground, set out in the alternative, is not sufficient to authorize the issuance of the writ, followed.   Any ambiguity in the oath for attachment as to which distinct ground for this summary process is relied on, will be fatal.   Distinguished from Blum v. Davis, 56 Tex., 427, where an oath in the alternative, embracing different phases of the one distinct statutory ground for the writ, was permitted.
2. SAME.— This case distinguished also from Klenk v. Schwalm, 19 Wis., 124, and Parsons v. Stockbridge, 42 Ind., 121.   ·
3. SAME.— Under the statute which makes the fact that a debtor has disposed in whole or in part of his property with intent to defraud, etc., one ground for attachment, and which makes the fact that "he is about to dispose of his property with intent to defraud," etc., another and different ground, an affidavit which states them conjunctively as co-existing facts, is bad, for the affidavit must on its face, as to one or the other ground, be untrue.
4. SAME — PRACTICE.— Though an affidavit for attachment may be ·bad for uncertainty, yet if there be another affidavit verifying the allegations in the petition for the writ, and the allegation as to the cause for attachment be distinct, specific and sufficient as to the existence of a statutory ground, it will support the writ.
5. STATUTE CONSTRUED.— The statute (sec. 3, p. 718, R. S.), which provides that all civil laws shall be liberally construed, does not obviate the necessity of complying with material requirements of law, in substance, in making oath for the summary process of attachment.

APPEAL from Guadalupe.   Tried below before the Hon. Everett Lewis.

Suit against appellants on notes and a bill of exchange alleged to have been executed by them.   Appellees had an attachment issued upon an affidavit which appellants claimed was insufficient.   The court having overruled a motion to quash the attachment, this appeal was taken to obtain a review of the ruling.

The grounds for the attachment stated in the petition, which was sworn to, were as follows: "That the defendants (appellants) have disposed of their property, in whole or in part, for the purpose and with the intent to defraud their creditors, and that the defendants are about to dispose of their property with intent to defraud their creditors."

A separate affidavit contains the same statement of cause for the attachment.

*Scott & Levi* and *W. E. Goodrich*, for appellant, cited Carpenter v. Pridgen, 40 Tex., 32; Hopkins v. Nichols, 22 Tex., 206; Culbertson v. Cabeen, 29 Tex., 247; Espey v. Heidenheimer, Galveston

Term, 1883; Garner v. Burleson, 26 Tex., 348; Blum v. Davis, 56 Tex., 426.

No briefs for appellee on file.

West, Associate Justice.— In Hopkins v. Nichols, 22 Tex., 206; Garner v. Burleson, 26 Tex., 348; Culbertson v. Cabeen, 29 Tex., 247, and Carpenter v. Pridgen, 40 Tex., 32, it has been held that an affidavit for a writ of attachment, in which more than one of the distinct statutory grounds of attachment was embraced, and set out in the alternative, was not sufficient. ·

In Blum v. Davis, 56 Tex., 427, it was held that an affidavit to the effect that the defendants " were about to convert their property *or* a part thereof, etc., etc." was good, because the alleged conversion, in whole or in part, was but one phase of the act of conversion, and because this act of conversion, whether entire or partial, constituted, by our statute, but one specific ground for the issuance of the writ of attachment. The court further held, in that case, that the alternative parts of that affidavit were not inconsistent with or repugnant to each other, and in this connection observes: "The conversion of a part of a debtor's property into money is a conversion of his property into money; and a conversion of the whole of his property into money is a conversion of a part of his property into money; for the whole includes every part."

In the other cases above referred to, it is held that where, however, the affidavit embraces in the alternative two distinct and specific grounds of attachment (as was in fact done in all the cases cited above except that of Blum v. Davis), the rule of decision is different, and in each case that has arisen so far, under our statute, the affidavit has been held to be fatally defective when made in the alternative, if it embraced two distinct statutory grounds.

In these last cases, the reasoning of the court is that each of the specific grounds of attachment, carefully stated and distinguished from each other by the law given in the statute, assert a fact, separate and distinct, and wholly independent of any other fact stated in some other ground for attachment. There is no necessary connection whatever in the statute between one specific ground of attachment and another distinct and specific ground, as there is between the different parts of one ground which present only different phases of the same fact. In such a case, where separate and distinct statutory grounds of attachment are embraced that are in their nature inconsistent with each other, and the affidavit is in

the alternative, it at once, by reason of that fact, would become, under the previous decisions of the court, uncertain and indefinite. The affidavit in this case states that two distinct, separate and inconsistent facts exist. The existence at the same time of both facts is sworn to. The statute requires in every case a direct and positive assertion, under oath, of the existence of the specific ground or fact on account of the existence of which the writ of attachment is demanded. There must be no ambiguity or uncertainty contained, in the affidavit itself, on the subject. The specific ground of the attachment must be, in every case, stated and sworn to with certainty. Whether this want of certainty be caused by the fact that the affidavit sets up two separate and distinct grounds of attachment in the alternative, or because for other reasons the affidavit is on its face ambiguous or inconsistent with itself, or sets up repugnant facts, it is alike bad, no matter from what cause the uncertainty may arise. It is the want of certainty that vitiates it. There can be no doubt that this court (whatever may have been the decisions elsewhere) has heretofore uniformly held that where the affidavit for the writ of attachment states in the alternative two of the distinct and specific causes named in the statute as different grounds for attachment (and not merely different phases of the same ground, as was done in Blum v. Davis), that such an affidavit has always been held to be insufficient up to the present time. Drake on Attachment (5th ed.), sec. 102.

In the present case, the affidavit (unlike that in the case of Blum v. Davis) states two distinct and specific statutory grounds or causes, upon the alleged existence of which the writ of attachment is sought.

The affidavit is, however, not in terms in the alternative, and in this it differs from all the other cases above cited in which the affidavit has been held by this court to be bad. The case cannot then be said to be entirely, in every respect, similar to any of the cases previously decided by this court, and referred to above. Here, as in all the other cases (except Blum v. Davis), is the fact of the joining together in one affidavit of distinct and different grounds of attachment.

This of itself, though objectionable under our previous decisions, and unnecessary, would not, in all cases, make the affidavit bad. For instance, the second ground of attachment named in the statute might be joined with some other specific ground of attachment named in the acts, provided, in their nature, both acts are consistent with each other and could occur or exist at the same time.

There are, no doubt, other cases under the statute, in which two distinct and separate causes of attachment, not inconsistent with each other, and which could exist at the same time, might be stated cumulatively in such a manner as not necessarily to vitiate the affidavit. In such a case, if the two separate grounds of attachment were such as could rationally *co-exist*, the affidavit would be upheld. Kennan *et al. v.* Evans *et al.*, 36 Ga., 90.

In Irvin *v.* Howard, 37 Ga., 23, an affidavit in the alternative was held good in accordance with the decision of this court in Blum *v.* Davis. It embraced only one statutory ground of attachment.

Let us see if this be one of the cases in which it is possible that the two distinct and specific grounds of attachment can be joined in one affidavit, without resulting in inconsistency and uncertainty as to the existence of the facts on which the demand for the attachment is based.

In this case the appellees have sworn affirmatively and without qualification to both the ninth and tenth grounds of attachment named in the statute.

The ninth ground is that the "defendant *has* disposed in whole or in part of his property, with intent to defraud, etc., etc."

The tenth ground is "that he is *about* to dispose of his property, with intent to defraud, etc., etc."

Neither of these grounds are to be found in any of the previous attachment laws of this state. 1 vol. Pasch. Dig., art. 142; Oldham & White's Dig., art. 143; Hart. Dig., art. 25.

Both facts are in this case sworn to directly and positively as existing facts; and in Klenk *v.* Schwalm, 19 Wis., 111, an affidavit nearly the same in substance as the one under consideration was held to be good, and so also in Parsons *v.* Stockbridge, 42 Ind., 121.

This was, however, under an attachment act that differed from ours in this: their attachment laws embraced both these acts as one ground (that is, the act of disposing of the whole of one's property, and the act of being about to dispose of it), as one entire ground or cause for the issuance of the writ. They are, in fact, similar to the cases of Conrad *v.* McGee, 9 Yerg., 428; Johnson *v.* Hale, 5 Stewart & Porter (Ala.), 331, and Cannon *v.* Logan, 5 Porter (Ala.), commented on by this court in Hopkins *v.* Nichols, 22 Tex., 209.

To state under oath, in one sentence, that the party has *already* transferred the whole of his property, and treat and consider this act as a thing accomplished, as an act already performed in the past; and then, in the next succeeding sentence, to state under oath, without any qualification, in the *present* tense, that the same person is

*now* in the act, or *about* to dispose of the same property, makes the affidavit bad for want of requisite certainty.

Whenever the affidavit is, for any cause whatever, indefinite or uncertain in a material point, it is, under the attachment laws, insufficient.

To have already disposed of one's property is certainly a very different fact from the fact of intending at some future period to dispose of that property, or from being then in the act of disposing of it. The two acts are in their nature essentially different. If the debtor has already disposed of the whole of his property, it is impossible for him to be, after that event has occurred, in the act of, or about to dispose of, that property. So if he is now, at the present time, about to dispose of his property, and has not yet accomplished it, then it is impossible for him (at an antecedent period of time) to have actually performed that act. Which statement, then, is true? Which one of these two distinct, separate and inconsistent grounds of attachment is here sworn to certainly, directly and unqualifiedly?

Is not this affidavit, by the very fact of the junction in it of the two inconsistent acts, made indefinite and uncertain?

Is there, in fact, any difference between such an affidavit, so far as the certainty of it is concerned, and one in the alternative? The effect in each case is to render the affidavit uncertain. Keeping in view the previous decisions of this court, we cannot perceive the difference in effect between the two affidavits.

The affidavit is defective and the motion to quash should have prevailed. There is another affidavit in the record as to the truth of the material matters stated in the petition. Even though the affidavit for attachment is defective, we would have still upheld the writ if the petition, being verified by a separate affidavit, had contained sufficient averments to authorize the issuance of the writ.

The averments are that "the defendants *have disposed* in whole or in part of their property, with intent to defraud, etc., etc., etc.," and that "the defendants *are about to dispose* of their property with intent to defraud, etc., etc., etc."

These averments, for the reasons stated above, are objectionable and insufficient.

The conclusions we have reached appear to be sustained by reason, and to follow necessarily from the views, as to the certainty required in the affidavit for attachment, announced in the previous decisions of the court.

Though under sec. 3, p. 718, of the Revised Statutes, all civil

laws, including those concerning attachments, are to be now liberally construed, with a view to effect their objects and to promote justice, yet in every instance, all the material requirements of the law must be complied with in substance. We have no power to dispense with any of them.

The affidavit, for the attachment especially, should be closely scrutinized, and, unless in full and substantial compliance with the statute, ought not to be sustained. It is the foundation upon which all the attachment proceedings rest.

The defendant is not allowed in this proceeding to question or traverse the facts contained in the affidavit. Cloud v. Smith, 1 Tex., 611.

If the affidavit be wilfully false, the plaintiff cannot be criminally punished for making it, if he swear in such an ambiguous and doubtful manner that it cannot be criminally charged with certainty and precision that he has sworn falsely to a certain material fact. About this matter the indictment must show that there is no sort of doubt or uncertainty. Sydnor v. Totham, 6 Tex., 196.

The judgment, so far as it seeks to enforce the lien of the attachment, is erroneous, and in this particular will be reversed; in other respects it will not be disturbed.

REVERSED AND REFORMED.

[Opinion delivered April 24, 1883.]

Chief Justice WILLIE did not sit in this case.