## DONNENBAUM & FRIEDLANDER v. SCHRAM & CO.

SUPREME COURT, AUSTIN TERM, 1883.

*Attachment---Affidavit---Two inconsistent statutory grounds insufficient.---*An affidavit for attachment embracing the 9th statutory ground, that "the defendant has disposed of in whole or in part of his property with intent to defraud, etc., and the 10th statutory ground," that he is *about* to dispose of his property with intent to defraud, etc , is insufficient on account of uncertainty.

*Petition---Uncertain Averments.---*Where the averments in the petition are "that the defendants have disposed in whole or in part of their property, with intent to defraud, etc.," and "that the defendants are *about to dispose* of their property with intent to defraud, etc.," they are objectionable and will be held insufficient.

Appeal from Guadalupe County.

*Scott & Lewis* and *W. E. Goodrich,* for appellants.

No counsel for appellee in Supreme Court.

Opinion by West, J.   Chief Justice Willie not sitting.

In Hopkins v. Nichols, 22 Texas, 206; Garner v. Burleson, 26 Texas, 348; Culbertson v. Cabeen, 29 Texas, 247, and Carpenter v. Pridgen, 40 Texas, 32, it has been held that an affidavit for a writ of attachment in which more than one of the distinct statutory grounds of attachment was embraced and set out in the alternative was not sufficient.

In Blum v. Davis, 56 Texas, 427, it was held that an affidavit to the effect that the defendants "were about to convert their property *or* a part thereof," etc., was good, because the alleged conversion, in whole or in part, was but one phase of the act of conversion, and because this act of conversion, whether entire or partial, constituted, by our statute, but one specific ground for the issuance of the writ of attachment.

The court further held in that case that the alternative parts of that affidavit were not inconsistent with, or repugnant to, each other, and in this connection observes :

"The conversion of a part of a debtors property into money is a conversion of his property into money; and the conversion of the whole of his property into money, is a conversion of a part of his property into money, for the whole includes every part."

In the other cases above referred to it is held that there, however, the affidavit embraces, in the alternative, two distinct and specific grounds of attachment (as was in fact done in all the cases cited above, except that of Blum v. Davis), the rule of decision is different, and in each case that has arisen so far, under our statute, the affidavit has been held to be fatally defective, when made in the alternative, if it embraced two distinct statutory grounds.

In these last cases the reasoning of the court is, that each of the specific grounds of attachment, carefully stated and distinguished from each other by the law given in the statute assert a fact, separate and distinct, and wholly independent of any other fact stated in some other ground for attachment. There is no necessary connection whatever in the statute between one specific ground of attachment and another distinct and specific ground, as there is between the different parts of one ground which present only different phases of the same fact.

In such a case where separate and distinct statutory grounds of attachment are embraced that are in their nature inconsistent with each other, and the affidavit be in the alternative, it at once, by reason of that fact, would become, under the previous decisions of the court, uncertain and indefinite.

The affidavit in this case states that two distinct, separate and inconsistent facts exist. The existence at the same time of both facts is sworn to.

The statute requires in every case a direct and positive assertion,

under oath, of the existence of the specific ground, or fact, on account of the existence of which the writ of attachment is demanded.

There must be no ambiguity or uncertainty contained in the affidavit itself on the subject.

The specific ground of the attachment must be, in every case, stated and sworn to with certainty.

Whether this want of certainty be caused by the fact that the affidavit sets up two separate and distinct grounds of attachment in the alternative, or because for other reasons the affidavit is on its face ambiguous, or inconsistent with itself, or sets up repugnant facts, it is alike bad, no matter from what cause the uncertainty may arise.

It is the want of certainty that vitiates it. There can be no doubt that this court (whatever may have been the decisions elsewhere) has heretofore uniformly held that where the affidavit for the writ of attachment states in the alternative two of the distinct and specific causes named in the statute as different grounds for attachment (and not merely different phases of the same ground as was done in Blum v. Davis), that such an affidavit has always been held to be insufficient up to the present time. (Drake on Attachment, 5th Ed., Sec. 102.)

In the present case the affidavit (unlike that in the case of Blum v. Davis) states two distinct and specific statutory grounds, or causes upon the alleged existence of which the writ of attachment is sought.

The affidavit is, however, not in terms in the alternative, and in this it differs from all the other cases above cited in which the affidavit has been held by this court to be bad. The case can not then be said to be entirely, in every respect, similar to any of the cases previously decided by this court, and referred to above. Here, as in all the other cases (except Blum v. Davis), is the fact of the joining together in one affidavit of distinct and different grounds of attachment.

This of itself, though objectionable under our previous decisions and unnecessary, would not in all cases make the affidavit bad. For instance, the second ground of attachment named in the statute might be joined with some other specific ground of attachment named in the act, provided in their nature both acts are consistent with each other, and could occur or exist at the same time.

There are no other cases under the statute in which two distinct and separate causes of attachment not inconsistent with each other, and which could exist at the same time, might be stated cumulatively in such a manner as not necessarily to vitiate the affidavit. In such a case, if the two separate grounds of attachment were such as could rationally co-exist, the affidavit would be upheld. (Kennan v. Evans, 36 Ga., 90.)

In Irvin v. Howard, 37 Ga., 23, an affidavit in the alternative was held good in accordance with the decision of this court in Blum v. Davis.

It embraced only one statutory ground of attachment.

Let us see if this be one of the cases in which it is possible that the two distinct and specific grounds of attachment can be joined in one affidavit, without resulting in inconsistency and uncertainty as to the existence of the facts on which the demands for the attachment is based. In this case the appellees have sworn affirmatively and without qualification to both the ninth (9th) and tenth (10th) grounds of attachment named in the statute.

The ninth (9th) ground is, that the "defendant has disposed of in whole or in part of his property with intent to defraud," etc., etc.

The tenth (10th) ground is, "that he is *about* to dispose of his property with intent to defraud," etc., etc.

Neither of these grounds are to be found in any of the previous attachment laws of this State. (I Vol. Pas. Dig., Art. 143; Oldham & White's Dig., Art. 143; Hartley's Digest, Art. 25.)

Both facts are in this case, sworn to directly and positively as existing facts, and in Klerk v. Schwalm (19 Wis., 111), affidavit nearly the same in substance as the one under consideration was held to be good, and so, also, in Parsons v. Stockbridge (42 Ind.; 121.)

This was, however, under an attachment act, that differed from ours in this : Their attachment laws embraced both these acts as one ground—that is, the act of disposing of the whole of one's property and the act of being about to dispose of it, as one entire ground or cause for the issuance of the writ. They are, in fact, similar to the cases of Conrad v. McGee (9th Yerg., 428); Johnson v. Hall, (5 Stewart and Porter, Ala., 331), and Cameron v. Logan, (5 Porter, Ala.), commented on by this court in Hopkins v. Nichols, 22 Texas, 209.

To state under oath in one sentence that the party has *already*

transferred the whole of his property, and treat and consider this act as a thing accomplished as an act already performed in the past, and then in the next succeeding sentence to state under oath, without any qualification in the present tense, that the same person is *now* in the act or *about* to dispose of the same property, makes the affidavit bad for the want of requisite certainty.

Whenever the affidavit is, for any cause whatever, indefinite or uncertain in a material point, it is, under the attachment laws, in sufficient. To have already disposed of one's property is certainly a very different fact from the fact of intending at some future period to dispose of that property, or from being then in the act of disposing of it. The two acts are in their nature essentially different. If the debtor has already disposed of the whole property, it is impossible for him to be, after that event has occurred, in the act or about to dispose of that property. So, if he is now, at the present time, about to dispose of his property, and has not yet accomplished it, then it is impossible for him (at an antecedent period of time) to have actually performed that act. Which statement, then, is true ?

Which one of these two distinct, separate and inconsistent grounds of attachment is here sworn to certainly, directly and unqualifiedly ? Is not this affidavit, by the very fact of the junction in it of the two inconsistent acts, made indefinite and uncertain ? Is there in fact any difference between such an affidavit, so far as the certainty of it is concerned, and one in the alternative ? The effect in each case is to render the affidavit uncertain.

Keeping in view the previous decisions of this court, we can not perceive the difference in effect between the two affidavits.

The affidavit is defective, and the motion to quash should have prevailed. There is another affidavit in the record as to the truth of the material matters stated in the petition. Even though the affidavit for attachment is defective, we would have still upheld the writ, if the petition, being verified by separate affidavit, had contained sufficient averments to authorize the issuance of the writ.

The averments are that "the defendants have disposed in whole, or in part, of their property with intent to defraud," etc., etc., etc., and that "the defendants *are about to dispose* of their property with intent to defraud," etc., etc., etc.

These averments, for the reason stated above, are objectionable and insufficient.

The conclusions we have reached appear to be sustained by reason and to follow necessarily from the views as to the certainty required in the affidavit for attachment, announced in the previous decisions of the court.

Though under section three, page 718 of the Revised Statutes, all civil laws, including those concerning attachments, are to be now liberally construed with a view to effect their objects and to promote justice; yet, in every instance, all the material requirements of the law must be complied with in substance. We have no power to dispense with any of them.

The affidavit, for the attachment especially, should be closely scrutinized, and unless in full and substantial compliance with the statute, ought not to be sustained, It is the foundation upon which all the attachment proceedings rest.

The defendant is not allowed in this proceeding to question or traverse the facts contained in the affidavit. (Cloud v. Smith, 1 Texas, 611.)

If the affidavit be wilfully false, the plaintiff can not be criminally punished for making it, if he swear in such an ambiguous and doubtful manner that it can not be criminally charged with certainty and precision that he has sworn falsely to a certain material fact. (Sydnor v. Totman, 6 Texas, 196.)

The judgment, so far as it seeks to enforce the lien of the attachment, is erroneous, and in this particular will be reversed; in other respects, it will not be disturbed.