## CARTER BROS. v. YOUNGER BROS.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Attachment—Affidavit for.*—Where the affidavit sets forth two causes for attachment, which are distinct and inconsistent, it will not support the writ.

*Same.*—That the defendants have disposed of their property; and that they are about to convert their property into money, etc., are distinct and inconsistent causes.

Appeal from Montague county.

Rugley & Huff, for appellant.
No counsel marked for appellee.

### STATEMENT.

This suit was upon a mercantile account. Plaintiffs, Carter Bros., by their agent, made affidavit reciting that the defendants "have disposed of their property, in whole or in part, with the intent to defraud their creditors, and that they are about to convert their prop-

erty into money for the purpose of placing it beyond the reach of their creditors." They gave bond and an attachment issued and was levied on property of defendants. At the return term, on motion, the court quashed the attachment and rendered judgment against defendants *in personam*, without foreclosing the attachment. Plaintiff appeals, assigning this ruling as error.

### OPINION.

Delany, J.: The only question in this case is whether the court erred in quashing the attachment. The plaintiff set forth in his affidavit two causes for attachment, which are not only distinct, but inconsistent—both of them can not be true.

If the defendants had disposed of their property, it was beyond their reach; hence, they could not convert it into money in order to defraud their creditors. It is difficult to distinguish between the affidavit in this case and the one in the case of Dunnenbaum v. Schraum, (59 Texas, 281). Our opinion is that the judgment should be affirmed.