Opinion by
Willson, J.
§ 657. Attachment; proceedings in, held sufficient; case stated. Prince & Co. sued in justice’s court upon a verified account for $137.20 against Mrs. M. Turner, and sued out an attachment therein against the property of W. C. Turner. In the affidavit for attachment it was alleged that “ the defendant W. C. Turner, doing business under the firm name and style of M. Turner, is justly indebted to the plaintiffs in the sum of $137.20; that the defendant W. O. Turner has disposed of his property with intent to defraud his creditors, ” etc. The citation commanded the officer to summon “W. O. Turner, doing business under the firm name and style of M. Turner, to appear,” etc. The attachment was levied upon the property of W. 0. Turner. In justice’s court judgment was rendered for the defendant. Prince & Go. appealed to the county court, and in that court their attachment proceedings were quashed, and judgment rendered in their favor for the debt sued for and costs; but the court of course refused to enforce the attachment lien upon the property levied upon. The motion to quash the attachment proceedings contained three grounds, viz.; 1. That the affidavit should have stated that “the defendant has disposed of his property, in whole or in part,” instead of stating as it does, that “the defendant has disposed of his property.” Held: This ground is not maintainable. *574 If defendant was about to dispose of any portion of Ms property with the intent to defraud his creditors, cause for the attachment existed. The allegation that he was about to dispose of his property, included the whole of his property, and the whole includes every part. [Blum v. Davis, 56 Tex. 423.] 2. Because of variance between the account sued on, and the account described in the affidavit, the account sued on being against Mrs. M. Turner, while the indebtedness named in the affidavit is against W. C. Turner, doing business under the style and name of M. Turner. 3. Because of variance between the affidavit and writ, and the return upon the writ, in that said return shows that the property levied upon was the property of W. C. Turner, without stating that W. 0. Turner was doing business under the style and name of M. Turner. Held: The citation, affidavit for and writ of attachment, each show that the suit was against W. 0. Turner, doing business under the style and name of M. Turner, and that the debt sued for was the identical debt evidenced by the account. Pleadings in justice’s court being oral, the same particularity and exactness in regard thereto are not required, that are required in the case of written pleadings. These objections are without merit. The court erred in quashing the attachment proceedings.
April 22, 1885.
Reversed and remanded.