JAMES I. PADLEY, defendant below, *vs.* STATE OF DELAWARE, plaintiff below.

1. EXECUTION—CUSTODY OF PROPERTY—CRIMINAL OFFENSES—"SECRETE."

Under *Rev. Code* 1915, § 4756, making it a misdemeanor to secrete, destroy, or remove from the county where it is situated any property levied upon or seized under execution, where a deputy sheriff left goods levied on under execution in the possession of the execution debtor, he had a right to expect to find them when he came to look for them, and their removal to places several miles distant where he probably would not be able to find them was a secreting of the goods, though they were not destroyed or removed outside the county.

2. EXECUTION—CUSTODY OF PROPERTY—CRIMINAL OFFENSES.

Under *Rev. Code* 1915, § 4756, as to secreting property levied on under execution, it is an offense to secrete such property, though the goods levied on were owned by a third person and were not the property of the execution debtor, as the statute contains no exception, and *Section* 4186, authorizing an action of replevin for goods seized under execution by the owner of such goods not being the defendant in the execution, provides a proper and adequate remedy for third persons whose goods are seized under execution.

3. CONSTITUTIONAL LAW—EXECUTION—CUSTODY OF PROPERTY—CRIMINAL OFFENSES—DUE PROCESS OF LAW.

*Rev. Code* 1915, § 4756, construed as making it an offense to secrete, destroy, or remove goods levied on under execution, though not owned by the execution debtor, does not violate *Const. U. S. Amend.* 14, as the property is seized under due process, and any third person claiming ownership may have the question of ownership determined in a proper and appropriate action.

*(October 23, 1917.)*

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.

*Walter J. Willis* for defendant below.

*David J. Reinhardt*, Attorney General, and *P. Warren Green*, Deputy Attorney General, for state.

Supreme Court, June Term, 1917.

ERROR to the Court of General Sessions for New Castle County, No. 1, June Term, 1917.

James I. Padley was convicted under *Section* 4756, *Rev. Code* 1915, of secreting, destroying and removing from the county certain goods and chattels levied on by the sheriff under execution process and brings error. Affirmed.

The facts and questions of law presented appear in the opinion of the court.

RICE, J., delivering the opinion of the court:

James I. Padley, the defendant below and plaintiff in error, at the January Term of the Court of General Sessions, in and for New Castle County, was convicted on a charge of secreting, destroying and removing from the county, without the consent of the execution creditor, certain goods and chattels which had been seized or levied on by the sheriff of the county under a writ of execution issued to him.

The assignments of error filed in this court are ten in number, but at the argument some were abandoned and those remaining were summarized by counsel for the defendant, as follows:

(1) There was no proof that the goods alleged to have been levied on were secreted, destroyed or removed from the county.

(2) That it must appear from the evidence that the defendant in the execution was the owner of the goods levied on at the time the execution was issued and the levy made.

(3) That the statute under which the defendant was prosecuted is unconstitutional and void.

It appears from the record, and it is not disputed that the deputy sheriff, by virtue of a writ of execution in which Charles

Opinion.

W. Jefferson was the execution creditor and James I. Padley the defendant, seized certain wheat, corn and tomatoes on a farm in this county where the defendant lived; that on the following day Padley sent the same wheat to a railroad station in this county and there delivered it to one John C. Stuckert; that subsequently Padley sent the tomatoes to Delaware City and part of the corn to St. Georges both places being in New Castle County.

At the trial testimony was offered on the part of the defendant to show that Padley had sold the wheat to Stuckert prior to the issuance of the execution and the levy thereunder. The trial court refused to admit evidence on this point, and the defendant noted an exception to the ruling of the court.

*Section 4756, Rev. Code* 1915, under which the indictment was found is in the following language:

"Whoever, without the consent of the plaintiff, creditor or landlord, in execution, attachment process or distress for rent, shall secrete, destroy or remove from the county where it is situated, when levied upon or seized, any property levied on or seized under execution, attachment process or distress for rent, shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined in a sum equal to the value of the property secreted, destroyed or removed, and shall also be imprisoned for a term not exceeding one year."

[1] In considering the first contention of the defendant, it may be stated as a fact that the record does not show that Padley either removed the goods from the county or destroyed them. However, it does conclusively appear that Padley, without the consent of the execution creditor and without the knowledge of the sheriff or his deputy, did remove the wheat, tomatoes, and part of the corn levied on from the place where the levy had been made to several other places several miles distant. The sheriff had the lawful right to leave the goods levied on in the possession of the defendant, and he had the right to expect to find them there when he came to look for them, and we are of the opinion that the removal of the goods by Padley from that place to some other place where the sheriff probably would not be able to find them was a secreting of the goods within the intent and meaning of the statute. *Hopkins v. Nichols,* 22 *Tex.* 206; *Carpenter v. Pridgen,* 40 *Tex.* 32; *Pearre v. Hawkins,* 62 *Tex.* 434.

[2]   The next contention of the defendant is based upon the assignments of error that the trial court erred in not admitting testimony in behalf of the defendant, to show that the goods levied upon were owned by a third person and were not the property of the defendant at the time of the issuance of the execution and the levy.

The statute comprehensively sets forth that:

"Whoever, without the consent of the plaintiff; creditor or landlord, in execution, attachment process or distress for rent, shall secrete, destroy or remove from the county," etc.,

and no exception is made in the statute with respect to third persons who may own goods or chattels seized by an officer of the law as the property of the defendant in the execution.   Such third persons have proper and adequate remedies at law to have the ownership of such property determined, and for the recovery of damages if the action of the sheriff was unlawful.

*Section* 4186, *Rev. Code* 1915, expressly provides, that:

"An action of replevin shall lie to recover goods and chattels seized by virtue of any process of execution, or attachment, with damages and costs for the taking and detention thereof, against the officer seizing the same, at the suit of the owner of such goods and chattels not being the defendant in the execution, or attachment, the proper pledges and security being given, as in other cases, by the plaintiff in the replevin, before delivery to him of the goods and chattels replevied."

We are of the opinion that the trial court was not in error in refusing to admit the testimony offered by the defendant to show that the goods levied upon were owned by a person other than the defendant in the execution.

[3]   The next and last contention of the defendant is that the statute under which the indictment was found is unconstitutional and void.

The only argument advanced by counsel for the defendant in support of this contention was, if the statute should be construed by the court to include the property of third persons, where it has been levied on as the property of the defendant in an execution, then and in that event the statute is unconstitutional and void as being in violation of the *Fourteenth Amendment to the Constitution of the United States.*

Opinion.

This argument cannot avail the defendant because the property in question was seized under due process of law as the property of the defendant in the writ of execution, and if another claims ownership to the property seized, such other person may have the question of ownership determined in a proper and appropriate action.

We find no error in the record of the trial and the judgment of the court below is affirmed.