## HULSHIZER v. FIRST STATE BANK OF ROBSTOWN. (No. 6831.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1922. Rehearing Denied Dec. 13, 1922.)

Garnishment ⬡⇒88—Affidavit, alleging indebtedness of garnishee to defendant "or" possession of property of the latter, held not duplicitous.

A garnishment affidavit under Vernon's Sayles' Ann. Civ. St. 1914, art. 273, based on the ground set forth in article 271, subd. 3, alleging that the garnishee bank is indebted to defendant "or" has property in its hands belonging to defendant, *held* not duplicitous as presenting two inconsistent averments, it being proper to join allegations disjunctively by the use of the word "or" as indicated by article 281, providing that the garnishee may be discharged if his answer shows both that he was not indebted to, and had no effects of, defendant in his possession.

Appeal from District Court, Nueces County; W. C. Douglass, Special Judge.

Action by George L. Hulshizer against J. E. Noyes, in which the First State Bank of Robstown was made garnishee. From an order sustaining a motion of garnishee to quash the affidavit of garnishment, plaintiff appeals. Reversed, and judgment rendered against garnishee.

H. M. Holden, of Corpus Christi, for appellant.

Kleberg, Stayton & North, of Corpus Christi, for appellee.

FLY, C. J. This is a suit instituted by appellant against appellee, in which a writ of garnishment was issued against appellee to ascertain whether it was indebted to or had effects of J. E. Noyes, against whom appellant had a judgment for $807.12. The court sustained a motion to quash the affidavit for garnishment, after hearing all the facts and holding that the facts entitled appellant to judgment for the defect in the affidavit.

The writ of garnishment herein was applied for under the third subdivision of article 271, Vernon-Sayles Civ. Stats., appellant having a judgment and making an affidavit that the defendant has not within his knowledge property in his possession within this state, subject to execution, sufficient to satisfy such judgment. This affidavit placed appellant's case in a class in which the district court could issue a writ of garnishment.

However, before the writ of garnishment could legally issue, appellant, plaintiff in the court below, was compelled to make application for the writ, in a writing verified by an affidavit, stating that the plaintiff had reason to believe, and did believe, that the garnishee was indebted to the defendant, or had in its hands effects belonging to the defendant. The affidavit of appellant, after stating the existence of the judgment against J. E. Noyes, and a lack of knowledge of his possession of any property subject to execution, alleged:

"That plaintiff has reason to believe, and does believe, that the First State Bank of Robstown, a banking corporation with its place of business in Robstown Nueces county, Tex., is indebted to the defendant, or that he has in his hands effects belonging to defendant."

The application for garnishment was filed on September 27, 1917, and on September 28, appellee filed its answer, denying that it was indebted to J. E. Noyes or had in its possession any effects belonging to said Noyes, and not until November 29, 1921, was the motion to quash the affidavit filed by appellee. It seems from the court's conclusions of law that he held the affidavit for garnishment "fatally defective, in that it is duplicitous and in the disjunctive in stating that appellant believed that appellee is indebted to the defendant, or that he has in his hands effects belonging to defendant." The court very properly did not consider the attack made on the affidavit because the bank was spoken of as being of the masculine gender.

In the case of White v. Lynch, 26 Tex. 195, the affidavit for garnishment was that White, the garnishee, "is indebted to said defendant, Edward J. Gillard, or has in his hands effects of said defendant," and the Supreme Court, at that time composed of Royal T. Wheeler, Chief Justice, and Oran M. Roberts and James H. Bell, Associate Justices, held that the affidavit was valid and legal. There was no discussion of the matter, but the decision is fully sustained by the case of Hopkins v. Nichols, 22 Tex. 207, which discusses affidavits in attachment cases, which would to some extent at least apply to affidavits in garnishment suits. In that case, after holding that affidavits in such cases must be certain and positive and not vague and indefinite, the court said:

"There are also cases in which the word 'or' may be permitted to retain its primary signification, as a disjunctive conjunction, and yet the use of it will not vitiate an affidavit for an attachment. There are cases where the word 'or' is used, in the statement of two or more phases of the same general fact, and not to connect two distinct facts."

This is a case which exactly falls into the class described by the court. The affidavit for a garnishment under article 273, Rev.

---

Stats., is to all intents and purposes of the same import as the one in existence in 1862, where the case of White v. Lynch was decided, and the language used in the affidavit in that case is practically the same as that used in this.

In speaking of attachment cases in which affidavits were held invalid, Judge Stayton in the case of Blum v. Davis, 56 Tex. 423, said:

"These were all cases in which the alternative grounds set up were separate and distinct, and in themselves complete, and presenting diverse grounds upon which the writ was authorized."

In this case an affidavit, to the effect that the garnishee either owed the defendant money or had property in its hands belonging to defendant, did not present inconsistent averments, but both could exist at the same time without antagonism. They could rationally coexist, and a garnishee should not be given a loophole to secure a debtor from the payment of his debts in this way. Dunnenbaum v. Schram, 59 Tex. 281.

Appellee in its brief states that present law as embraced in article 273 says:

"The plaintiff shall make oath that the garnishee is indebted; or shall make oath that he has effects."

The law neither directly nor by any reasonable construction uses any such language, but says the plaintiff must state under oath that he—

"has reason to believe that the garnishee, stating his name and residence, is indebted to the defendant, or that he has in his hands effects belonging to the defendant."

It is clearly indicated that it is proper to join the matters mentioned disjunctively by the fact that it is provided in article 281 that the garnishee may be discharged if his answer shows both that he was not indebted to the defendant and has no effects of the defendant in his possession. The statute evidently contemplates the allegations as set out in article 273, both as to debts and property.

In the case of Seed Co. v. National Bank, 92 Tex. 187, 47 S. W. 95, 516, the plaintiff stated in his affidavit for garnishment that the garnishee was indebted to the defendant, and that the defendant owned shares in the garnishee corporation, two separate and distinct matters, and that affidavit was not only held to be valid, but that it required the garnishee to answer as to any effects of defendant it had in its possession, and that judgment could be rendered for such property. The court held that, even though it is not alleged in the affidavit that the garnishee has effects, but merely that he is indebted to the defendant, the garnishee, under the provisions of the law, then article 220, now 274, is compelled to answer as to the effects, and if he has any such effects judgment can be rendered against him for the same. The statutory writ of garnishment in every case, no matter what may be the ground alleged in the affidavit, requires the garnishee to answer, not only as to his indebtedness to the defendant, but as to any effects of defendant in his possession. Article 276, Rev. Stats. The court in the cited case held that the garnishee must answer as required by the writ even as to matters not alleged in the affidavit, saying:

"The answers as to matters not alleged in the affidavit were not, in our opinion, intended as an idle ceremony, but were to bring every debt due the defendant by the garnishee and all effects of the defendant held by him before the court in order that they might be subjected to the payment of the plaintiff's demands. All the provisions of our garnishment law taken together show that this was the policy; and we think it a wise one. A creditor may believe that a person has effects belonging to his debtor or in his possession, and may have no reason to believe that he owes him a debt; and we see no good reason why, when in such a case a writ of garnishment has been obtained on the ground of the existence of effects, the garnishee should not answer as to debts also; and so likewise as to effects when the ground alleged in the affidavit is that the garnishee is believed to be indebted. That the effect of the writ of garnishment was not to be limited to the matter alleged in the affidavit is further shown by the fact that the garnishee is required to answer as to his knowledge of other persons who are indebted to the defendant or have effects of his in their possession."

The effect of that decision is to make either of the first two allegations, as to indebtedness or effects, sufficient to require an answer as to both, and that is the clear meaning of the statute, and it inevitably follows that placing both of them in an affidavit could not render it deceptive or duplicitous, because it could not mislead a garnishee in any manner. In other words, one or the other of the allegations is absolutely unnecessary, and would be mere surplusage, which could not affect the answer of the garnishee, and could in no way deceive or mislead him. It is utterly futile to talk about a pleading being duplicitous which can in no way deceive, and it is not uncertain, because the statute commands the garnishee to answer both matters referred to in the affidavit, whether one is alleged or both.

We hold that under the garnishment statute if all three of the matters named in article 273 are alleged there would be no duplicity, because the whole object of the garnishment statute is to obtain a disclosure of whether the garnishee has any property of the defendant or owes him anything, or has any knowledge of any other person owing the defendant or holding his property. The

affidavit was not subject to the attack made upon it.

The judgment will be reversed, and, as the evidence disclosed, and the trial judge found, on September 27, 1917, when the writ of garnishment was served on appellee, there was on deposit in its bank the sum of $1,-907.70 belonging to the defendant J. E. Noyes, judgment is here rendered against appellee for the sum of $792.12, with 10 per cent. interest from September 8, 1917, being the amount of the judgment held by appellant against J. E. Noyes, less a credit of $15, and all costs in this behalf expended in this and the lower courts.