Elizabeth Sammons,
Plaintiff,

*vs.*

Clyde Mack Keebler a/k/a Clyde Richardson, and Harvey Fennimore, Sheriff of New Castle County,
Defendants.

*New Castle—March 13, 1959.*

*Theophilus R. Nix,* Wilmington, for plaintiff.

*J. D. Winslow,* Wilmington, for defendant, *Clyde Mack Keebler,* also known as Clyde Richardson.

*Harvey Fennimore,* former Sheriff of New Castle County, pro se.

Marvel, Vice Chancellor: Plaintiff, the wife of Homer Sammons, brings this action for injunctive relief against further proceedings at law brought by the defendant Clyde Mack Keebler (also known as Clyde Richardson) insofar as such proceedings involve the seizure and proposed sale by the then Sheriff of New Castle County of property in which plaintiff claims an interest. As a result of the issuance of a writ

of *venditioni exponas* certain of plaintiff's alleged property was seized and is now being held subject to sale in order to satisfy in part the claims of her husband's judgment creditor, a defendant here. She reasonably contends that not being a party to proceedings which resulted in the entry of a judgment in Superior Court on June 7, 1955 in the amount of $8,360.50 in favor of Keebler and against Homer Sammons (recorded in Judgment Docket H. Vol. 7, Page 8 (1955)) that her property may not be sold to satisfy her husband's indebtedness. Plaintiff argues that in causing the attachment of her separate property and other property in which she claims an interest, her husband's judgment creditor ignored remedies available under *Rules of the Superior Court,* particularly Rule 69(a), *Del.C.Ann.,* pertaining to the examination of a judgment debtor in aid of execution, and that unless enjoined the sale of her property by the Sheriff to a bona fide purchaser for value will irreparably injure her. She submits that she has no adequate remedy at law for the recovery of what she claims to be her property. A temporary restraining order having issued as prayed for, the defendant Keebler (or Richardson) answered, counterclaimed and also moved to dismiss.

After argument on such motion to dismiss, I have come to the conclusion that the restraining order now outstanding must be dissolved, the rule discharged and the complaint dismissed for the reasons that plaintiff not only has an independent and adequate remedy at law against the Sheriff for the taking of property to which she claims title or in which she asserts an interest, but that she may also as an intervenor in the case in which the judgment in question was entered move for the type of relief requested here.

■ It appears to be well established as a general proposition that equity will not restrain a party from availing himself of remedies for the enforcement of a judgment at law unless it would clearly be unconscionable to permit execution to proceed, the alleged injured party either having no remedy in a court of law in that damages would be inadequate or unable to resort to such an available remedy because of fraud, accident or the like, *Henderson v. Bates,* 1835, 3 *Blackf., Ind.,* 460.

In Delaware the remedy of replevin or its present equivalent is clearly available to a plaintiff in a case such as this for the recovery of his own property. Compare *Truitt v. Revill*, 4 *Har.* 71, and *Sharp v. Arthurs*, 1 *Houst.* 353. In *Padley v. State*, 6 *Boyce* 585, 102 *A.*60, 61, the Court pointed out that the statute having to do with the secreting or destroying of legally seized property made no exception with respect to "third persons who may own goods or chattel seized by an officer of the law as the property of the defendant in the execution. Such third persons have proper and adequate remedies at law to have the ownership of such property determined, and for the recovery of damages if the action of the sheriff is unlawful.

"Section [1] 4186, *Rev.Code* 1915 expressly provides that:

" 'An action of replevin shall lie to recover goods and chattels seized by virtue of any process of execution, or attachment, with damages and costs for the taking and detention thereof, against the officer seizing the same, at the suit of the owner of such goods and chattels not being the defendant in the execution, or attachment, the proper pledges and security being given, as in other cases, by the plaintiff in the replevin, before delivery to him of the goods and chattels replevied.'

"We are of the opinion that the trial court was not in error in refusing to admit the testimony offered by the defendant to show that the goods levied upon were owned by a person other than the defendant in the execution."

In the case of *Hastings v. Cropper*, 3 *Del.Ch.* 165, in which a bill had been filed to restrain the execution of a judgment in the Superior Court the Chancellor denied his general jurisdiction to interfere with execution process because of irregularities therein, however, under the facts of the case he permitted claimants to proceeds of an execution sale to have such claims adjudicated by way of interpleader.

Plaintiff urges, however, that the bond requirements of a replevin action are so onerous as to make such remedy inadequate, and points out that replevin will not normally lie at the instance of one

---

1. Now found as § 3906 of Title 10 *Del.C.* with minor changes to meet the present definition of a civil action.

joint tenant. I do not agree that bond requirements make replevin an inadequate remedy, and this case concerns tenancy by the entirety rather than a joint tenancy. But if there was any doubt as to the adequacy of the remedy of replevin either in its bond requirements or its availibility for the recovery of property allegedly held as tenants by the entirety, I am of the opinion that Rules 21 and 24 of Superior Court pertaining to the adding and dropping of parties and to intervention clearly provide a means whereby the present plaintiff by motion may bring her grievance directly before the Court in which the judgment in question was entered, a Court which may under its Rule 60(b) grant relief from the operation of a judgment.

Accordingly, as stated above, I am of the opinion that plaintiff's action in this Court must be dismissed, however, a reasonable opportunity to take appropriate action in Superior Court will be allowed plaintiff before the entry of an order of dismissal here.

Counsel may submit an appropriate form of order.